## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.

**BUCCELLATI HOLDING ITALIA SPA**
and **BUCCELLATI, INC.**,

        Plaintiffs,

v.

**LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI**, and **LILIAN AZEL**,

        Defendants.

_____/

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND RELATED CLAIMS

Plaintiffs Buccellati Holding Italia SPA and Buccellati, Inc. (collectively, "Buccellati"),
hereby bring this action against Defendants Laura Buccellati LLC, Laura Buccellati, and Lilian
Azel (collectively, "Defendants") and allege the following:

## NATURE OF THE ACTION

1.      Buccellati seeks injunctive relief and damages for acts of trademark infringement,
false designation of origin, trademark dilution, and unfair competition engaged in by Defendants
in violation of the laws of the United States and the State of Florida.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to
Section 39 of the Lanham Act (15 U.S.C. § 1121), and 28 U.S.C. §§ 1331, 1332, and 1338, and
has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Buccellati's claims are predicated

AM 19212520.1

upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., and substantial and related claims under the statutory and common law of the State of Florida.

3.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction within this judicial district and because events giving rise to these claims occurred within this judicial district.

## THE PARTIES

4.      Plaintiff Buccellati Holding Italia SPA is a corporation organized and existing under the laws of the country of Italy, having its principal place of business at Via Lodovico Mancini, 1, Milan 20129, Italy.  Buccellati Holding Italia SPA is engaged, *inter alia*, in the manufacture and sale of products bearing the world famous Buccellati Trademarks (as defined in Paragraph 9 herein) including, but not limited to, jewelry, watches, silverware, writing instruments, ornamental boxes, cutlery, belt buckles, and handbags.

5.      Plaintiff Buccellati Inc. is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 1250 Waters Place, Penthouse Suite 2, Bronx, New York 10461.  Buccellati Inc. is the sole and exclusive distributor in the United States of products bearing the world famous Buccellati Trademarks (as defined herein) including, but not limited to, jewelry, watches, silverware, writing instruments, ornamental boxes, cutlery, belt buckles, and handbags.

6.      Upon information and belief, Defendant Laura Buccellati LLC is a limited liability company organized and existing under the laws of the State of Florida, having an address for service of process at 1000 Venetian Way, Suite 301, Miami, Florida 33139.  Laura Buccellati LLC is engaged in the business of, among other things, selling handbags, wallets, and belts in interstate commerce throughout the United States.

AM 19212520.1

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

7.     Upon information and belief, Defendant Laura Buccellati, an individual and a co-founder of Laura Buccellati LLC, and resident of the State of Florida, is the conscious and active force behind the wrongful acts of Laura Buccellati LLC, complained of herein, and such wrongful acts have been and are engaged in for the benefit of Laura Buccellati LLC and for her own individual gain and benefit.

8.     Upon information and belief, Defendant Lilian Azel, an individual and a co-founder of Laura Buccellati LLC, and resident of the State of Florida, is the conscious and active force behind the wrongful acts of Laura Buccellati LLC, complained of herein, and such wrongful acts have been and are engaged in for the benefit of Laura Buccellati LLC and for her own individual gain and benefit.

## THE FAMOUS BUCCELLATI BRAND AND TRADEMARKS

9.     Buccellati is the owner, and the sole and exclusive distributor, of high-quality products and services sold and/or offered for sale under the world famous BUCCELLATI brand. Since the 1700's, the Buccellati family has been crafting some of the finest jewelry in the world. Beginning in the 1920's, with the release of its ruby encrusted Evening Bag, Buccellati has manufactured and sold handbags, clutches, and purses, made of various materials, including, leather, gold, silver, and textiles.  In 1969, Buccellati adopted the trademark LAURA for flatware, which has become one of Buccellati's most popular lines in the United States. Buccellati has also expanded its offerings in the United States to include, *inter alia*, watches, writing instruments, ornamental boxes, and belt buckles.  Today the BUCCELLATI brand is synonymous with luxury, quality, and craftsmanship, and consumers and the trade instantly identify Buccellati as the source of all products and services bearing the BUCCELLATI name and trademark.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

10.   Buccellati's products and services are sold and/or offered for sale under its various trademarks, including BUCCELLATI and LAURA (collectively, the "Buccellati Trademarks").  Buccellati is the owner of the right, title and interest in and to, *inter alia*, the following federally registered trademarks and service marks:

| Mark | Reg. No. | Reg. Date | First Use | Int'l Class(es) |
|------|----------|-----------|-----------|-----------------|
| BUCCELLATI | 841,635 | 1/2/1968 | 12/13/1952 | 8, 14 |
| BUCCELLATI | 865,932 | 3/14/1969 | 12/31/1958 | 35 |
| BUCCELLATI | 2,156,171 | 5/12/2008 | 12/31/1952 | 14 |

Attached hereto as Exhibit A are true and correct copies of the U.S. Patent and Trademark Office registration certificates evidencing Buccellati's ownership of the foregoing trademarks (collectively, the "BUCCELLATI Registrations").  All of the registrations set forth in Exhibit A are valid, subsisting, and in full force and effect.  Moreover, all of the registrations are incontestable pursuant to 15 U.S.C. § 1065, and have become distinctive of Buccellati's products and services in commerce pursuant to 15 U.S.C. § 1052.

11.   Buccellati's products bearing or displaying the Buccellati Trademarks include, *inter alia*, jewelry, watches, silverware, writing instruments, ornamental boxes, cutlery, belt buckles, and handbags.  Buccellati offers retail services in the United States, including BUCCELLATI storefront locations in New York, New York; Beverly Hills, California; and Aspen, Colorado.  Buccellati has also partnered with some of the finest retailers throughout Florida, including Neiman Marcus, Betteridge Jewelers, Gerard's, Mary Mahoney, and Turner Bay.  Some of Buccellati's products are part of the permanent collection at The Smithsonian Institution in Washington, D.C.  This collection is lent to various museums across the country,

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

including at the Boca Raton Museum of Art in Boca Raton, Florida.  Examples of the Buccellati Trademarks as they are used in connection with Buccellati's products and services are attached hereto as <u>Exhibit B</u>.

12.     Buccellati has extensively advertised and promoted the products manufactured and services offered under the Buccellati Trademarks.  Millions of consumers have been exposed to the Buccellati Trademarks through extensive advertising campaigns, in mainstream and industry magazines and other periodicals, as depicted in motion pictures, on the Internet, and in other forms of unsolicited media coverage.  Products bearing the Buccellati Trademarks are closely associated with Buccellati's reputation in the eyes of the public and the trade.  The Buccellati Trademarks are, thus, invaluable assets to Buccellati.

13.     Further, over many years, Buccellati has realized enormous and ever-increasing success in its sales of products bearing the Buccellati Trademarks, and for the last five years has had tens of millions of dollars in sales in the United States alone.

14.     Moreover, Buccellati always endeavors to maintain the prestige and reputation for quality and luxury associated with the Buccellati Trademarks.  Strict quality control standards are imposed in the manufacture of all the products bearing the Buccellati Trademarks. Buccellati's painstaking adherence to only the highest quality standards has resulted in widespread and favorable public acceptance among consumers for all products bearing the Buccellati Trademarks.

15.     As a result of Buccellati's extensive advertising and promotion, adherence to the highest quality standards, and extraordinary sales success, the Buccellati Trademarks, as well as other well known designs, logos and indicia introduced by Buccellati, are among the most widely-recognized trademarks in the United States, possessing strong secondary meaning among

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

consumers and the trade, immediately identifying Buccellati as the exclusive source of the products to which they are affixed, and signifying goodwill of incalculable value.

## DEFENDANTS' ACTS OF INFRINGEMENT AND UNFAIR COMPETITION

16.    Defendants are engaging in designing, manufacturing, promoting, importing, selling, and offering for sale consumer products in a variety of product categories under the LAURA BUCCELLATI name and trademark, in conjunction with various other designs, logos, and indicia that are imitations of the Buccellati Trademarks (the "Infringing Marks").  Upon information and belief, Defendants are using the Infringing Marks on goods and services that are identical or closely related to products bearing the famous Buccellati Trademarks, including, but not limited to, handbags, carryalls, purses, wallets, belts, and scarves (the "Infringing Products"). Copies of products sold by and marketing materials published by Defendants depicting the Infringing Marks are attached hereto as Exhibit C.

17.    Upon information and belief, Laura Buccellati, a member of the Buccellati family, sold her entire interest in the Buccellati companies in or about 1989, and otherwise has no commercial affiliation with Buccellati, but has individually and through Laura Buccellati LLC attempted to capitalize on the popularity of the Buccellati Trademarks by using and/or permitting various companies to use the Infringing Marks.

18.    Upon information and belief, Lilian Azel, a co-founder with Laura Buccellati of Laura Buccellati LLC, has no affiliation with Buccellati, but has individually and through Laura Buccellati LLC attempted to capitalize on the popularity of the Buccellati Trademarks by using any/or permitting various companies to use the Infringing Marks.

19.    Upon information and belief, Defendants have, on several occasions, attempted to register trademarks comprising or containing the name LAURA BUCCELLATI, both in the

AM 19212520.1

6

United States and internationally.  In the United States, such attempted registration has been refused on the basis that the name LAURA BUCCELLATI is likely to be confused with the world famous Buccellati trademark.

20.     Together with the Infringing Marks, Defendants are using Laura Buccellati's relationship with the Buccellati family in promotional material to suggest an association with Buccellati, all with the deliberate intention to cause consumers and the trade to believe that the products bearing the Infringing Marks are authorized, sponsored, approved, endorsed or licensed by Buccellati, or that Defendants, are in some way commercially affiliated with Buccellati.

21.     For example, at the website available at URL http://www.laurabuccellati.com ("LauraBuccellati.com"), Defendants associate their products with the famous BUCCELLATI Trademarks and the "Buccellati legacy" by claiming that the "collection of fine leather accessories follows in the footsteps of [the Buccellati] family's tradition of excellence and impeccable craftsmanship."  Moreover, Defendants' products and services are marketed with the Infringing Mark, LAURA BUCCELLATI, surrounded by a bracelet design element, reminiscent of jewelry, further suggesting a connection with the famous Buccellati® brand.  In another attempt to associate their marks with Buccellati, Defendants use the slogan "Jewel of a Bag" to suggest a relationship between its products and Buccellati's famed jewelry.

22.     At LauraBuccellati.com, Defendants have directly associated their products with Buccellati, for a considerable time stating: "Coined as 'a jewel of a bag,' Laura's Signature Collection follows in the footsteps of the Buccellati family tradition of excellence and impeccable craftsmanship."  Copies of the referenced marketing materials published by Defendants are attached hereto as Exhibit D.  While Defendants have recently made some changes to the language on LauraBuccalleti.com, absent an order from this Court, there is no

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

guarantee that they will not resume making these statements.  And, in any event, Defendants continue to use the slogan "Jewel of a Bag" at their online store, available at URL http://shop.laurabuccellati.com, as shown in the screenshot below.



Further, Defendants continue to use the term "jewel" to describe their collection and evoke Buccellati's famous jewelry, as shown below in the screen shot from LauraBuccellati.com.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier



23.     In addition to the misleading statements on LauraBuccellati.com, Defendants

have actively encouraged the public perception that there is an ongoing connection between

Laura Buccellati LLC and Buccellati.

24.     For example, an article that appeared in *Simply the Best* magazine included details

of an interview with Ms. Buccellati, who was described as "The Buccellati Dynasty's Newest

Designer."  Although the statements made by Ms. Buccellati and reported by the magazine were

technically true, in context they nonetheless played on the family heritage to give readers the

(false) impression that Defendants' handbag endeavor is an extension, or new division, of the

Buccellati company:

> Buccellati, who recently introduced her first line of leather handbags – the Laura
> Buccellati Signature Collection – comes by the design instinct naturally.  Her
> grandparents were influential Italian jewelers Mario and Maria Buccellati.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

Her father, Luca Buccellati, moved to New York City from Italy in the late 1950's and launched the American version of the family jewelry and silver business.  Their product line now includes jewels inspired by nature, signature Eternelle rings, Swiss made watches, flatware, bowls and home décor.

In the 1960's, Luca opened the Manhattan Buccellati store, one of the first Italian owned businesses on Fifth Ave., which many have compared to a museum of art because of the sophisticated merchandising and displays.

Laura Buccellati says she learned the fine art of balancing color, texture and structure from her talented dad.  And she translated it to leather.

"I remember my first bag – a memory that is more significant than receiving my first kiss," reveals the designer.   "At age six, my dad gave me a handcrafted calfskin carryall with engraved initials from Milan."

Buccellati was also influenced by her grandmother's assortment of vintage bags and has emulated Maria's interest in purses by amassing dozens herself.

25.      In another interview, this time in *Ocean Drive* magazine, Ms. Buccellati again played on the connection to the Buccellati company founded by her famous family members. The *Ocean Drive* article included such headlines as "Family jewels" and "Beauty is in the bloodline" and opened by noting that Ms. Buccellati's "grandparents – Maria and Mario Buccellati – founded the famous, high-end Italian jewelry company that bears their name."   Ms. Buccellati told the magazine that her "family has always insisted on everything being handmade, with extreme attention to detail."

26.      In yet another magazine, *Aventura*, Defendants again encouraged the writing of an article that blurs the lines between Defendants and Buccellati, by trading on the BUCCELLATI mark and making gratuitous use of Maria and Mario Buccellati's names.  In what is obviously a blatant promotional piece, the writer noted that "Miami-Based designer Laura Buccellati credits her passion for designing fine leather accessories to her **family's cultural heritage** and to her grandparents, Mario and Maria Buccellati.  Following **in the**

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

**footsteps of her family** – legendary jewelers known for their impeccable designs and distinctive style – and growing up with **the renowned Buccellati name** have motivated Laura to pursue a career designing exclusive leather accessories for today's handbag connoisseur." (Emphasis added.)

27.     The implied messages in Ms. Buccellati's numerous public promotional statements are clear: "Laura Buccellati" handbags originate from the same legendary family and creative team as other Buccellati® merchandise, Ms. Buccellati as a designer has continuing ties to the family-owned company and its stores, and consumers can rely on the reputation for quality and craftsmanship enjoyed by Buccellati when considering handbags bearing the Infringing Marks.

28.     Defendants are advertising, selling, and offering for sale Infringing Products at retailers in the State of Florida and throughout the country.

29.     Defendants are offering their products in the same channels of trade and at some of the same retailers where Buccellati's products are sold.  For example, Defendants recently used their page at the Facebook.com social media site to post splashy advertisements for a trunk show held at S&K Jewelers in Vero Beach, Florida:

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier



30.     S&K Jewelers is also an authorized retailer of genuine Buccellati® merchandise, a fact that is noted on S&K Jewelers' Facebook profile.

31.     On January 6, 2010, Defendants commenced an opposition proceeding against Buccellati U.S. Trademark Application Serial No. 77/281,335 for BUCCELLATI.  This proceeding is currently pending before the United States Patent and Trademark Office.

32.     On October 21, 2010, Buccellati sent a letter to Laura Buccellati requesting that she immediately cease all use of the Infringing Marks in connection with the manufacture, distribution, and sale of handbags and related products.  Laura Buccellati failed to substantively

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

respond to Buccellati's letter, and has continued to manufacture, distribute, and sell products bearing the Infringing Marks.

33.     Upon information and belief, Defendants' use of the Infringing Marks caused (and will likely continue to cause): actual confusion in the marketplace, harm to the business reputation and goodwill of Buccellati, and damage to Buccellati's business relations with consumers and prospective consumers.

34.     Defendants are well aware of the extraordinary fame and strength of the Buccellati Trademarks, and the incalculable goodwill symbolized thereby, and that the Infringing Marks cannot be used as an indicator of source or sponsorship for the products they are designing, manufacturing, distributing, importing, and/or selling.  Accordingly, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Buccellati's rights in the Buccellati Trademarks.

### FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a))

35.     The allegations set forth in paragraphs 1 through 34 hereof are adopted and incorporated by reference as if fully set forth herein.

36.     Defendants' use of the Infringing Marks is intended to cause, has caused and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to whether products bearing the Infringing Marks originate from, or are affiliated with, sponsored by, or endorsed by Buccellati.

37.     Upon information and belief, Defendants have acted with knowledge of Buccellati's ownership of the BUCCELLATI Registrations and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

AM 19212520.1
13

38.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

40.     Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe the BUCCELLATI Registrations, unless restrained by this Court.

41.     Defendants' acts have damaged and will continue to damage Buccellati, and Buccellati has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN & FALSE DESCRIPTION OF FACT (15 U.S.C. § 1125(a))

42.     The allegations set forth in paragraphs 1 through 34 hereof are adopted and incorporated by reference as if fully set forth herein.

43.     Defendants' use of the Infringing Marks and other designations, and indicia, such as "Jewel of a Bag," as well as association with the Buccellati name and goodwill established over the years by Buccellati, is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, association, or affiliation of products bearing the Infringing Marks, and is intended, and is likely to cause such parties to believe in error that the products bearing the Infringing Marks have been authorized, sponsored, approved, endorsed or licensed by Buccellati, or that Defendants are in some way affiliated with Buccellati, and misrepresents the nature, characteristics, qualities, of their goods, services, and commercial activities, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

44.     Defendants' aforesaid unauthorized use of the Infringing Marks falsely suggest that they are associated with Buccellati in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     Defendants' aforesaid unauthorized use of the Infringing Marks throughout their marketing causes consumers to think that Defendants are affiliated with or sponsored by Buccellati, or vice versa, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.     Defendants' aforesaid statements are material false and misleading statements of fact, and were made in commercial advertising or promotion, in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled

48.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

49.     Defendants' acts have damaged and will continue to damage Buccellati, and Buccellati has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**STATE TRADEMARK DILUTION (FLA. STAT. § 495.151)**

50.     The allegations set forth in paragraphs 1 through 34 hereof are adopted and incorporated by reference as if fully set forth herein.

51.     Defendants' unauthorized aforesaid use of the Infringing Marks dilutes the distinctive quality of the famous BUCCELLATI and LAURA word marks, and is willfully intended to trade on Buccellati's reputation and goodwill, to lessen the capacity of the Buccellati

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

Trademarks to identify and distinguish Buccellati's services and to dilute the distinctiveness of said marks, all in violation of the Fla. Stat. § 495.151.

52.    Buccellati is being damaged by this conduct and is without an adequate remedy at law to compensate it for Defendants' wrongful acts.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

53.    The allegations set forth in paragraphs 1 through 34 hereof are adopted and incorporated by reference as if fully set forth herein.

54.    Buccellati owns all right, title, and interest in and to the Buccellati Trademarks as aforesaid, including all common law rights in such marks, and such marks are distinctive.

55.    The aforesaid acts of Defendants constitute trademark infringement in violation of the common law of the State of Florida.

56.    Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

57.    Upon information and belief, Defendants intends to continue their willfully infringing acts unless restrained by this Court.

58.    Defendants' acts have damaged and will continue to damage Buccellati, and Buccellati has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

59.    The allegations set forth in paragraphs 1 through 34 hereof are adopted and incorporated by reference as if fully set forth herein.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

60.    The aforesaid acts of Defendants constitute unfair competition in violation of the common law of the State of Florida.

61.    Upon information and belief, by their acts, Defendants has made and will make substantial profits and gains to which they are not in law or equity entitled.

62.    Upon information and belief, Defendants intends to continue their willfully infringing acts unless restrained by this Court.

63.    Defendants' acts have damaged and will continue to damage Buccellati, and Buccellati has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Buccellati demands judgment against Defendants as follow:

1.    Finding that (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendants have has diluted the Buccellati Trademarks in violation of the Fla. Stat. § 495.151; and (iii) Defendants have engaged in trademark infringement and unfair competition under the common law of Florida.

2.    Granting an injunction preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from:

(a)    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products which bear the Infringing Marks, the Buccellati Trademarks, or any other mark substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of Buccellati's rights in the Buccellati Trademarks, or any other trademark owned by Buccellati; and

AM 19212520.1

17

(b)     engaging in any other activity constituting unfair competition with Buccellati, or acts and practices that deceive the public and/or the trade; and

(c)     engaging in any activity that will cause the distinctiveness of the Buccellati Trademarks to be diluted.

3.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale or sold by Defendants, has been authorized by Buccellati, or is related to or associated in any way with Buccellati or its products.

4.     Directing that Defendants account to and pay over to Buccellati all profits realized by its wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

5.     At its election, awarding Buccellati statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

6.     Awarding Buccellati its actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

7.     Awarding Buccellati its costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

8.     Requiring Defendants to deliver to Buccellati for destruction or other disposition all remaining inventory of all products bearing the Infringing Marks, including all advertising, promotional and marketing materials therefor, as well as all means of making same.

9.     Requiring Defendants to remove from the websites at domain names *www.laurabuccellati.com* and *shop.laurabuccellati.com* all advertising, promotional, and

AM 19212520.1

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 • (305) 777-1720 • (305) 456-4922 telecopier

marketing materials and information bearing or incorporating the Infringing Marks, as well as assign the domain name *www.laurabuccellati.com* and *shop.laurabuccellati.com* to Buccellati.

       10.    Awarding Buccellati pre-judgment interest on any monetary award made part of the judgment against Defendants.

       11.    Awarding Buccellati such additional and further relief as the Court deems just and proper.

DATED:  April 12, 2013               Respectfully submitted,

                           **FRIEDLAND VINING, P.A.**

                           /s/Jaime Rich Vining
                           By:  David K. Friedland
                           Florida Bar No. 833479
                           Email:  dkf@friedlandvining.com
                           Jaime Rich Vining
                           Florida Bar No. 030932
                           Email:  jrv@friedlandvining.com
                           1500 San Remo Ave., Suite 200
                           Coral Gables, FL 33146
                           (305) 777-1720 – telephone
                           (305) 456-4922 – facsimile

                           and

                           **EDWARDS WILDMAN PALMER, LLP**
                           Perla M. Kuhn (*pro hac vice* to be filed)
                           Rory J. Radding (*pro hac vice* to be filed)
                           Jami Gekas (*pro hac vice* to be filed)
                           H. Straat Tenney (*pro hac vice* to be filed)
                           750 Lexington Avenue
                           New York, New York  10022
                           Phone (212) 308-4411
                           Fax (212) 308-4844
                           ***Counsel for Plaintiffs***

AM 19212520.1                 19