UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-21297-KMM-Moore/Torres

**BUCCELLATI HOLDING ITALIA SPA**
and **BUCCELLATI, INC.**,

        Plaintiffs,

v.

**LAURA BUCCELLATI, LLC, LAURA BUCCELLATI**, and **LILIAN AZEL**,

        Defendants.
_____/

**LAURA BUCCELLATI, LLC, LAURA BUCCELLATI,**

        Counter-Plaintiffs.

v.

**BUCCELLATI HOLDING ITALIA SPA**, **BUCCELLATI, INC**, **GIANMARIA BUCCELLATI, BUCCELLATI WATCHES SA**, and **PAOLO CARRION**,

        Counter-Defendants
_____/

**PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT, AND INCORPORATED MEMORANDUM OF LAW**

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................. 1

II.    LEGAL STANDARD .......................................................................................................... 2

III.    ARGUMENT ....................................................................................................................... 4

    A.    The Entire Counterclaim is a "Shotgun Pleading" And Should Be Dismissed. ..... 4

    B.    Counterclaimants Have Failed to State Proper Claims for Declaratory & Injunctive Relief in "Count I" of the Counterclaim. ............................................... 6

        1.    *Request for Relief "A" under Count One Is Redundant.* ............................ 6

        2.    *There is No Actual Controversy Regarding Counterclaimants' "Superior Rights" to the LAURA BUCCELLATI and BUCCELLATI Marks.* ............ 7

        3.    *Request for Relief "C" in Count I is Not Ripe and Seeks an Improper Advisory Opinion on a Hypothetical and Contingent Future Outcome.* .... 8

        4.    *Request for Relief "D" of Count I Is Not Properly Before This Court.* .... 10

    C.    Counterclaimants Have Failed to State a Proper Claim for "Cancellation and Determination as to Concurrent Use" in Count II of the Counterclaim. .............. 11

        1.    *The Portion of Count II Related to Buccellati's '355 Application Does Not Meet the Heightened Pleading Standard of Rule 9(b)* ............................. 12

        2.    *Counterclaimants Are Not Entitled to a "Concurrent Use" Registration*.14

    D.    In the Alternative, Buccellati Moves for a More Definite Statement. .................. 15

IV.    CONCLUSION .................................................................................................................. 15

i

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs Buccellati Holding Italia SpA and Buccellati, Inc. (collectively, "Plaintiffs" or "Buccellati") hereby move to dismiss all claims asserted in the "Counterclaim" (Dckt. #16) of Defendants Laura Buccellati, LLC ("LBL") and Laura Buccellati (collectively, "Counterclaimants"). In the alternative, Buccellati moves pursuant to Rule 12(e) for a more definite statement, because Buccellati cannot be expected to frame a proper response to Counterclaimaints' wordy, confusing and convoluted operative pleading. This Motion is supported by the following memorandum of law and the pleadings in this case.

## MEMORANDUM OF LAW

### I.  INTRODUCTION

The Counterclaim tells a good story. Through ten pages of background factual allegations (which borrow heavily from press articles on Buccellati attached as exhibits to the Counterclaim), Counterclaimants provide a brief history of Buccellati, a centuries-old and world-famous Italian luxury brand known for its museum-worthy jewels, as well as background on the creative and dynamic international family behind the brand. (*See, generally*, Counterclaim, Dckt. #16, pp. 7-26). To be sure, this tale captures the attention: it includes as its cast of characters more than a dozen Buccellati extended family members, takes place in New York and various Italian cities (Florence, Rome, Milan) throughout the 20th century, and alleges a whole lot of drama—estranged brothers, family splits and tension, accusations of "power move[s]" and "bully[ing]" by certain family members—all set against a backdrop of "astonishing, rare, expensive jewels" (*See id*. ¶¶ 10-12, 14-20, 24, 43; *see also* article at Dckt. #16-3, p. 1).

The problem for Counterclaimants, however, is that even taking all of their underlying factual allegations as true, the family stories they have presented do not amount to a single

1

colorable claim for relief.[1] It is indisputable that Counterclaimant Laura Buccellati, the granddaughter of Plaintiffs' founder, is part of an interesting and storied family. But that does not mean she and her business partner are entitled to a declaration of any kind in this matter, let alone a Court order sanctioning their recent attempts to trade off Buccellati's incontestable federally-registered U.S. trademarks in furtherance of Counterclaimants' new business endeavor.

Presented at the end of their pleading, Counterclaimants' seven requests for declaratory relief (which are confusingly jumbled together and presented as only two "Counts")—to the extent that Buccellati can decipher them—appear to seek a variety of declarations approving Counterclaimants' use and registration of LAURA BUCCELLATI as a trademark for leather handbags and belts. But Counterclaimants' legally deficient and rambling "shotgun pleading" does not properly articulate any cause of action. Indeed, the irrelevant "Underlying" factual allegations of the Counterclaim, which are not tied to any specific claim, leave Buccellati in a quandary as to how to respond to, or defend against, the two "Counts." It is impossible for Buccellati to plead responsively to this hodge-podge of allegations, which was clearly intended to serve only as a distraction from the merits of the claims Buccellati properly pleaded in its Complaint. Count I and Count II of the Counterclaim are both equally flawed and the Counterclaim should be dismissed in its entirety.

## II.   LEGAL STANDARD

A motion to dismiss a counterclaim under Rule 12(b)(6) is treated the same as a motion

---

[1] Buccellati notes for the record that the "Facts Underlying" the Counterclaim as presented by Counterclaimants are misleading. By recounting over one-hundred years of business history—much of it irrelevant as it took place exclusively in Europe—Counterclaimants give the false impression that there are numerous "Buccellati" jewelry stores owned by separate parties with different first names in the U.S. In truth, however, there is only one source for BUCCELLATI branded goods and services in the U.S., namely Buccellati (Plaintiff Buccellati Inc. is a wholly-owned by Buccellati Holding Italia SpA).

2

to dismiss a complaint. *Fabricant v. Sears Robuck*, 202 F.R.D. 306, 308 (S.D. Fla. 2001). Six years ago, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the U.S. Supreme Court confirmed two critical "working principles" applicable to motions to dismiss in federal court. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), summarizing *Twombly*, 550 U.S. 544. **First**: "on a motion to dismiss, **courts 'are not bound to accept as true a legal conclusion couched as a factual allegation**.'" *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949. **Second**: to survive a motion to dismiss, **a plaintiff must allege facts which state a claim to relief that is plausible**. *Twombly*, 550 U.S. at 556;[2] *Iqbal*, 129 S. Ct. at 1950. This means the well-pleaded factual allegations of a complaint must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Practically, following *Twombly* and the Supreme Court's 2009 opinion in *Ashcroft v. Iqbal*, federal courts considering motions to dismiss should apply a "two-pronged approach": 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010), *citing Iqbal*, 129 S. Ct. at 1950. In doing so, courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the claimant would ask the court to infer. *Id.* (*citing Iqbal*, 129 S. Ct. at 1951-52 and *Twombly*, 550 U.S. at 567).

---

[2] In *Twombly*, the Supreme Court rejected the oft-quoted proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 563 (holding that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard," and that the phrase "has earned its retirement"). *See also Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289-90 (11th Cir. 2010) (recognizing that *Twombly* identified a new "plausibility standard").

3

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

### III.   ARGUMENT

#### A.   The Entire Counterclaim is a "Shotgun Pleading" And Should Be Dismissed.

The Eleventh Circuit has explained that a "shotgun pleading" is one which is "so disorganized and ambiguous that it is almost impossible to discern precisely" what it is that the complaining party is claiming. *Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997). Typically, a shotgun pleading incorporates all allegations of each count in every successive count; shotgun counterclaims often incorporate all averments of the Answer as well. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (explaining that each count in a "typical shotgun complaint" incorporates by reference the allegations of its predecessors, "leading to a situation where most of the counts… contain irrelevant factual allegations and legal conclusions."); *see also Whitney Info. Network, Inc. v. Gagnon*, 353 F.Supp.2d 1208, 1210–11 (M.D.Fla. 2005) ("A party may not incorporate all allegations of each count in every successive count"); *Merrill Lynch Bus. Fin. Serv., Inc. v. Perf. Mach. Sys. USA, Inc.,* No. 04-60861-CIV, 2005 U.S. Dist. LEXIS 7309, *10 (S.D. Fla. Mar. 4, 2005) (improper for defendants to incorporate "all of their averments from the Answer into each of the… counts of the counterclaim"). Improper shotgun pleadings lump together various claims for relief, and fail to cite appropriate statutory authority.

Eleventh Circuit law is clear; "shotgun" style pleadings—whether initial complaints or counterclaims—are insufficient on their face and should be dismissed. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (dismissing "quintessential shotgun pleading"); *see also Cramer, 117 F.3d at 1261* (dismissing "a rambling 'shotgun' pleading"); *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996) (dismissing shotgun

4

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

pleading that references all paragraphs of the allegations); *Matthews v. Vill. Ctr. Comm. Dev. Dist.*, No. 5:05-cv-344, 2006 U.S. Dist. LEXIS 8164, *7 (M.D. Fla. Feb. 13, 2006) (same).

Here, Counterclaimants' rambling Counterclaim is a classic "shotgun pleading"—multiple claims for relief are lumped together, and it is impossible to know which of Counterclaimants' 54 paragraphs of factual allegations are intended to support which claims for relief. *C.f. T.D.S., Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1545 (11th Cir. 1985) (criticizing complaint which "combin[ed] a variety of discrete claims in one count in such a way as to make it difficult to discern which allegations or damages pertained to which theory of recovery"). In both Count I and Count II, Counterclaimants "reallege the allegations in the foregoing paragraphs as if incorporated herein." (Dckt. #16, p. 19, ¶ 55 and p. 22, ¶ 64.) Theoretically, this could mean that Counterclaimants' entire filing is incorporated into each claim, including all averments of the Answer, all twenty affirmative defenses, all "wherefore" clauses, and every preceding paragraph of the Counterclaim. Counterclaimants' shotgun pleading also fails to specifically cite statutory authority to support each particular request for relief. Counterclaimants broadly cite legal authority at the beginning of the counterclaims, (Dckt. #16, p. 18-19, ¶¶ 49-54), and in the "wherefore" clauses. (Dckt. #16, p. 20-21, 26.) For each request for relief, however, Counterclaimants fail to assert the specific statutory grounds that support individual counts. Buccellati and the Court are forced to speculate as to the legal bases that support each claim. This method of pleading is unacceptable. *See, e.g., Whitney*, 353 F.Supp.2d at 1210-11 (dismissing counterclaims in part because they fail to state statutory authority).

In sum, Counterclaimants have not directed Buccellati—or the Court—to a short and plain statement of the claims in accordance with the notice pleading requirements of Rule 8; rather, they have filed a disorganized shotgun pleading which leaves ambiguous precisely what

5

they are claiming and what the specific legal bases for those claims are. Buccellati cannot be expected to respond to such a pleading, and therefore, the Counterclaim should be dismissed.

  **B.** **Counterclaimants Have Failed to State Proper Claims for Declaratory & Injunctive Relief in "Count I" of the Counterclaim.**

Count I of the Counterclaim purports to arise under the federal Declaratory Judgment Act, which authorizes a federal court, "[i]n a case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. However, the Declaratory Judgment Act provides only "that a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (emphasis in original); *see also Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so"). Here, the Court should decline to entertain Counterclaimants' four separate requests for declaratory relief as set forth in Count I, because such requests are alternately redundant of the claims asserted in Buccellati's Complaint, do not arise from an actual controversy, are not ripe for adjudication, and/or do not have the required close nexus to the claims of the Complaint.

    *1.* *Request for Relief "A" under Count One Is Redundant.*

In their first request for relief under Count I, Counterclaimants ask the Court for a declaration that their accused mark LAURA BUCCELLATI "does not infringe upon any rights" of Buccellati. (Dckt. #16, p. 21, ¶ A). But in the Complaint, Buccellati has already asked for a finding that the LAURA BUCCELLATI mark *does* infringe Buccellati's trademark rights; there is no need for the Court to separately declare the *opposite*. The declaration Counterclaimants seek in part "A" of Count I is completely unnecessary and redundant in light of Buccellati's prior

6

pending claims in this case, so the Court should decline to consider this request, and Count I should be dismissed with prejudice to the extent it seeks such relief. *See Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F.Supp. 2d 1369, 1375 (M.D. Fla. 2008) (dismissing with prejudice declaratory judgment counterclaim for non-infringement, because "the parties' rights with respect to trademarks will be decided by the infringement claims at hand [and therefore] there is no need for declaratory judgment"); *see also Magee v. Maesbury Homes*, No. 6:11-cv-209-Orl-19, 2011 U.S. Dist. LEXIS 37124, at *15 (M.D. Fla. Mar. 23, 2011) ("District courts may decline to grant declaratory relief if another claim in the same case resolves all the issues presented by the declaratory judgment claim.")

      2.    *There is No Actual Controversy Regarding Counterclaimants' "Superior Rights" to the LAURA BUCCELLATI and BUCCELLATI Marks.*

In request for relief "B" under Count I, Counterclaimants seek a declaration of their "superior rights" to the marks LAURA BUCCELLATI and BUCCELLATI in connection with leather handbags. (Dckt. #16, p. 16, ¶ B). But relief under the Declaratory Judgment Act is available only on issues presenting a live, concrete dispute between the parties. 28 U.S.C. § 2201(a); *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) ("Courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy.").

Here, the parties certainly have an actual dispute over whether Counterclaimants' recent adoption of LAURA BUCCELLATI for leather handbags is likely to cause consumer confusion in light of Buccellati's prior and longstanding use and registration of BUCCELLATI. But there is no dispute over priority. Counterclaimants are the only ones who have used the LAURA BUCCELLATI mark, while Buccellati's use and registration (and applications for registration) of the BUCCELLATI mark in connection with a variety of goods and services indisputably

7

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

predate Counterclaimants' use of their mark.[3]  There are no allegations in any pleading of the converse—Counterclaimants do not allege that Buccellati has used the LAURA BUCCELLATI mark or that Counterclaimants have actually used the trademark BUCCELLATI in commerce in connection with any goods or services.  In other words, the issue here is infringement, **not** the determination of which party has "superior" (*i.e.*, prior) rights.  Because there are no allegations sufficient to plead a live dispute regarding superior/prior rights, there is no actual controversy on that point and the "superior rights" portion of Count I should be dismissed with prejudice.

> 3.  *Request for Relief "C" in Count I is Not Ripe and Seeks an Improper Advisory Opinion on a Hypothetical and Contingent Future Outcome.*

In request for relief "C" under Count I, Counterclaimants ask this Court to declare that they are "entitled to registration" of the LAURA BUCCELLATI mark "in connection with leather handbags… and leather belts." (Dckt. #16, p. 21, ¶ C).  But this request for relief is not ripe, because it seeks an improper advisory opinion.  *Barry v. Carnival Corp.*, 424 F. Supp. 2d 1354, 1357 (S.D. Fla. 2006) (Declaratory Judgment Act does not authorize federal district courts to issue advisory opinions); *see also Pro Greens, Inc. v. Bussey et al*, 305 B.R. 356, (Bkrtcy. M.D. Fla. 2003) (for relief under Declaratory Judgment Act, live dispute must be of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment").  Counterclaimants' trademark application on the LAURA BUCCELLATI & Design mark is currently suspended at the United States Patent and Trademark Office ("USPTO"), so it has not made it through the

---

[3] Notably, in an administrative proceeding before the Trademark Trial & Appeal Board ("TTAB") brought by LBL against Buccellati, LBL pleaded conclusory "priority" allegations similar to those alleged now (*see* Dckt #16-18).  The TTAB dismissed LBL's priority claims (*see* Dckt. #16-19, pp. 5-6), because by its own admission, LBL's adoption and use of LAURA BUCCELLATI occurred **after** the filing date of Buccellati's application to register the BUCCELLATI mark in connection with, *inter alia*, handbags.

8

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

examination process or been approved for publication (Counterclaim ¶ 60). As such, neither Buccellati nor any other party has yet been afforded an opportunity to oppose the application.

To prevail on its trademark infringement claims in the case, Buccellati must prove that Counterclaimants' LAURA BUCCELLATI mark is likely to cause confusion with Buccellati's prior registered BUCCELLATI marks. 15 U.S.C. § 1114. Admittedly, once adjudicated, the Court's findings here on the "likelihood of confusion" question will serve as *res judicata* in any future Section 2(d) opposition which Buccellati may initiate against Counterclaimants' pending LAURA BUCCELLATI trademark application. 15 U.S.C. § 1052(d).[4] But that does not mean the registrability of LAURA BUCCELLATI & Design mark is properly before this Court. Registration of that mark is not allowed under the Lanham Act's statutory scheme until it has been published for opposition. 15 U.S.C. § 1062. Therefore, even if the Court were to enter a declaration that Buccellati's prior marks do not bar registration of LAURA BUCCELLATI under Section 2(d) of the Lanham Act, any opinion the Court would render regarding Counterclaimants' ultimate right to registration of that mark would be merely theoretical, indefinite and contingent. *See St. Paul Fire & Marine Ins. Co. v. Luke Ready Air, LLC*, 880 F. Supp. 2d 1299, (S.D. Fla. 2012) (to satisfy "actual controversy" requirement of Declaratory Judgment Act, claimant must allege facts showing that right to relief is not "conjectural, hypothetical or contingent"). The mark would still need to be published; any third party could

---

[4] *See also Johnny Blastoff Inc. v. Los Angeles Rams Football Co.*, 48 U.S.P.Q. 2d 1385, 1393-94 (W.D. Wis. 1998), *aff'd on other grounds*, 188 F.3d 427 (7th Cir. 1999) (although federal district court would make "legal determinations" that would **affect the registrability**" of the parties' pending applications, the court was nonetheless "without statutory authority to **determine the ultimate registrability**" of the parties' marks or "direct the PTO's disposition of the pending trademark applications"; the USPTO "must reach its own registrability decision, albeit consistent with this court's ruling on the underlying disputes.") (emphasis added).

9

still successfully oppose the application on any statutory grounds, and Buccellati would still have the right to oppose the application on grounds other than likelihood of confusion.

While this Court does have the power to "rectify" the federal trademark register "with respect to the registrations of any party to the action," 15 U.S.C. § 1119, through request for relief "C," Counterclaimants are instead improperly asking to short-circuit established USPTO administrative procedures that are set-up to determine the registrability of a claimed trademark. Moreover, any relief the Court could give in response to this part of Count I would be merely theoretical and advisory, because the mark would still need to publish following this proceeding. Accordingly, Count I should be dismissed with prejudice to the extent it seeks a declaration of Counterclaimants' right to register the LAURA BUCCELLATI & Design mark.

    4.  <u>Request for Relief "D" of Count I Is Not Properly Before This Court.</u>

Counterclaimants' final request for relief in Count I seeks a declaration that Buccellati is "not entitled to registration of the name Buccellati in connection with leather handbags… and leather belts." (Dckt. #16, p. 21). In essence, Counterclaimants seek a declaration partially denying registration of Buccellati's pending "intent-to-use" Application Ser. No. 77/281,355 ("the '355 Application"), which covers the mark BUCCELLATI on, *inter alia*, leather handbags in International Class 18. In order for the Court to make a determination regarding an as-yet-unregistered mark under Section 37 of the Lanham Act, however, there must be a registered mark at issue in the case, and there must also be a "sufficient nexus between the application proceeding and the dispute involving the registered mark." *C.f., Johnny Blastoff*, 48 U.S.P.Q. 2d at 1393-94 (federal court had no jurisdiction over opposition pending before the TTAB, because the federal litigation concerned the genericness of registered RAMS mark, whereas the opposition concerned a priority battle over ownership of SAINT LOUIS RAMS mark).

10

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

Counterclaimants meet the first requirement here (because Buccellati has asserted infringement of its incontestable BUCCELLATI registrations), but not the second.

There is no nexus between the issues presented by the pending '355 Application and the claims in this federal court dispute. Counterclaimant LBL has opposed the '355 Application, alleging that Buccellati lacked a bona fide intent to use the BUCCELLATI trademark on some of the applied-for goods (*see* Dckt. #16-18,¶¶ 7-8). As such, the opposition proceeding will focus on Buccellati's subjective intent in filing the '355 Application. But such intent is irrelevant to the instant litigation, because Buccellati has not asserted the '355 Application as a basis for its infringement claims. In short, the registrability of the '355 Application has no effect on the asserted incontestable BUCCELLATI registrations. Even if the '355 Application is refused registration, this case will still go forward on Buccellati's claims for infringement of its separate incontestable registrations. Therefore, Count I should be dismissed with prejudice to the extent it seeks a declaration regarding the registrability of the '355 Application.

C. **Counterclaimants Have Failed to State a Proper Claim for "Cancellation and Determination as to Concurrent Use" in Count II of the Counterclaim.**

Count II of the Counterclaim, "Cancellation and Determination as to Concurrent Use with Respect to Registration and Applications," seeks rulings on the parties' pending federal trademark applications.[5] Like Count I, Count II should be dismissed for failure to state a claim.

---

[5] The first part of Count II seeks cancellation of federal Reg. No. 3,694,700 for MARIO BUCCELLATI, a trademark owned by Buccellati Watches SA, a Swiss company. (Dckt. #16, pp. 22-23, ¶¶ 65-69). Because the Swiss company has not been served with process, it is not properly in the case and no response to the portion of Count II directed to the MARIO BUCCELLATI registration is currently due. Nonetheless, without waiving any defenses that Buccellati Watches SA may have to this claim, Plaintiffs note that Counterclaimants do not appear to have standing to seek cancellation of the MARIO BUCCELLATI registration, as that mark has not been asserted against Counterclaimants or raised as a bar to registration of Counterclaimants' LAURA BUCCELLATI & Design mark, and Counterclaimants have not alleged that they will suffer harm from the continued registration of the registered mark.

11

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

*1.    The Portion of Count II Related to Buccellati's '355 Application Does Not Meet the Heightened Pleading Standard of Rule 9(b)*

In Count II, Counterclaimants ask this Court to "cancel or strike" the International Class 18 leather goods and International Class 35 retail services from Buccellati's pending '355 Application on the BUCCELLATI mark. (Dckt. #16, pp. 24-25, ¶ 75).  In support of Count II, Counterclaimants allege that Buccellati "committed fraud" on the USPTO by submitting a false declaration from one of Buccellati's corporate officers during examination of the '355 Application.[6] (*Id*. ¶ 72.)  As an initial matter, this portion of Count II is not properly before the Court, for the same reason that request of relief "D" from Count I is improper—namely, that there is no nexus between the allegations of fraud at issue in the pending '355 Application and the claims in this trademark infringement dispute.  But a separate and distinct reason why Count II should be denied is that it fails to comply with Federal Rule of Civil Procedure 9(b).

Allegations of fraud are subject to the heightened pleading standard of Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b); *see also King Automotive, Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1011 (CCPA 1981) ("The pleadings [must] contain explicit rather than implied expressions of the circumstances constituting fraud.").  In addition, pleadings alleging fraud before the USPTO must allege sufficient facts from which the court can reasonably infer that a party acted willfully, in bad faith and with the specific intent to

---

[6] Counterclaimants have purported to add Gianmaria Buccellati, an Italian citizen and Buccellati executive, to this case as a counterclaim defendant in his personal capacity.  Presumably, Count II is intended to be a claim for relief against Mr. Buccellati as well as the Plaintiffs, because Counterclaimants' allegations of fraud arise from declarations signed by Mr. Buccellati personally. (*See, e.g.*, Dckt. #16, p. 24, ¶ 71).  However, because Mr. Buccellati has not yet been served with process, he is not presently in the case and no response to the Counterclaim is due on his behalf.  For the avoidance of doubt, by moving to dismiss Count II, Buccellati does not purport to speak for Gianmaria Buccellati personally, and does not waive any arguments Mr. Buccellati may have to make in response to the Counterclaim.

deceive the USPTO. *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009); *see also Crown Wallcovering Corp. v. The Wall Paper Mfrs. Ltd.*, 188 U.S.P.Q. 141, 144 (T.T.A.B. 1975) ("in order to state a claim upon which relief can be granted on the ground of fraud, it must be asserted that the false statements complained of were made willfully in bad faith with the intent to obtain that to which the party making the statements would not otherwise have been entitled.").

The only factual allegation from the Counterclaim that could conceivably support the fraud claims of Count II is presented in Paragraphs 29 of Counterclaimants' "Facts Underlying the Counterclaims."[7] In that paragraph, Counterclaimants assert that a Buccellati executive told Laura Buccellati at some unspecified point in time that Buccellati "would never go into the business of making any leather products." (Dckt. #16, p. 13, ¶ 29). Based on this vague assertion, Counterclaimants conclude that Buccellati's "intent to use" declaration was fraudulent, and the '355 Application was filed "merely as an attempt to intimidate and block anyone from considering use of the name in any area." (*Id.*, p. 14, ¶ 33). But a single vague factual allegation and a legal conclusion of fraud on the USPTO is insufficient under the Rule 9(b) pleading standard. *See Exergen Corp. v. Wal-Mart Stores Inc.*, 91 U.S.P.Q.2d 1656, 1667 (Fed. Cir. 2009) ("Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."); *Asian and Western Classics B.V. v. Lynne Selkow*, 92 U.S.P.Q.2d 1478, 1478-79 (TTAB Oct. 22, 2009) (finding that legal conclusions unsupported by facts do not meet Rule 9(b) pleading standard).

---

[7] Counterclaimants also assert in Paragraph 34 of the Counterclaim that Buccellati "committed further fraud" on the USPTO by failing to volunteer to the Trademark Office that "Buccellati was the surname of the CEO of the Applicant." This allegation does not pass the classic "straight face" test, however. Counterclaimants attach to their pleading—with arrows pointing to his clearly legible signature and name—no less than three "Supporting Declarations" submitted by Gianmaria Buccellati in connection with the '355 Application. (*See* Dckt. #16-13, p. 1; #16-14, p. 1; #16-15, p. 9). The idea that the USPTO was not on notice of the fact that "Buccellati" was his surname is ludicrous.

13

Further, there are no allegations whatsoever concerning Buccellati's intent to deceive the USPTO. *See In re Bose Corp.*, 580 F.3d at 1245 ("Subjective intent to deceive, however difficult it may be to prove, is an indispensable element in the analysis"); *see also Asian and Western Classics*, 92 U.S.P.Q.2d at 1478-79 (finding pleading insufficient in part because it lacked allegations of scienter); *Media Online Inc. v. El Clasificado Inc.*, 88 U.S.P.Q.2d 1285, 1287 (T.T.A.B. 2008) (same). Accordingly, Count II should be dismissed to the extent it seeks to partially "cancel or strike" the '355 Application.

2. *Counterclaimants Are Not Entitled to a "Concurrent Use" Registration.*

The final part of Count II asks this Court to lift the USPTO suspension of Counterclaimants' pending trademark application for LAURA BUCCELLATI & Design, based on Counterclaimants' alleged "concurrent registration rights." (Dckt. #16, p. 25-26, ¶¶ 78-79.) Counterclaimants have cited no specific authority which suggests they are entitled to the relief requested (and indeed, Buccellati is not aware of any section of the Lanham Act giving a federal court the power to order the USPTO to lift a suspension). In any event, Counterclaimants have not properly articulated a claim for "concurrent use registration," a special type of geographically limited trademark registration which allows more than one registrant to obtain registration of the same or similar mark, but for different parts of the nation, provided that consumer confusion is not likely to arise based on the concurrent use. J. Thomas McCarthy, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 20:82 (2013 online ed.); 15 U.S.C. § 2(d).[8] Here,

---

[8] Professor McCarthy has explained that: "A concurrent use proceeding is initiated by an applicant for Principal Register registration filing an application that is limited as to territory. An applicant may initiate a concurrent use proceeding by filing an application that is limited as to a defined geographic territory. In addition to the regular elements in any application, the applicant must state, to the extent of its knowledge, the extent of the concurrent use by others, any registrations or applications filed by such other persons, the goods on which such use is made, and the time periods of use. The applicant for a

14

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

Counterclaimants have pleaded none of the requirements for a concurrent use registration (nor could they), and therefore Count II must be dismissed to the extent it seeks a declaration or other order related to Counterclaimants' purported "concurrent rights."

### D. In the Alternative, Buccellati Moves for a More Definite Statement.

In the alternative to its Motion to Dismiss, Buccellati moves pursuant to Rule 12(e) for a more definite statement. Each Count of the "shotgun" Counterclaim is replete with factual allegations that could not possibly be material to that specific Count, and any allegations that *are* material are buried beneath innumerable pages of rambling irrelevancies. This pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts. At a minimum, a more definite statement—identifying which Counterclaim-defendant engaged in which wrong and what relief is appropriate from each— is required before Buccellati can fairly respond to the Counterclaim. *See, e.g., Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1362 (S.D. Fla. 2011) (collective references to "Defendants" only permissible if the defendants and the Court can ascertain which Defendants are alleged to have engaged in what wrongdoing).

### IV. CONCLUSION

For the forgoing reasons, Buccellati respectfully requests that this Court grant its Motion to Dismiss, and for such other and further relief as this Court deems just and proper. In the alternative, this Court should enter an order requiring Defendants to file a more definite statement pursuant to Rule 12(e).

---

concurrent registration must also state the area, goods and mode of use of the mark for which it seeks registration." McCarthy § 20:81 (internal citations omitted); see also 37 C.F.R. § 2.42.

DATED:  August 7, 2013	Respectfully submitted,

**FRIEDLAND VINING, P.A.**


/s/Jaime Rich Vining
By:  David K. Friedland
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
1500 San Remo Ave., Suite 200
Coral Gables, FL 33146
(305) 777-1720 – telephone
(305) 456-4922 – facsimile

*-and-*

**EDWARDS WILDMAN PALMER, LLP**

Perla M. Kuhn (admitted *pro hac vice*)
Rory J. Radding (admitted *pro hac vice*)
H. Straat Tenney (admitted *pro hac vice*)
750 Lexington Avenue
New York, NY 10022
(212) 308-4411 – telephone
(212) 308-4844 – facsimile

Jami A. Gekas (admitted *pro hac vice*)
225 W. Wacker Drive
Chicago, IL 60606
(312) 201-2000 – telephone
(312) 201-2200 – facsimile

***Counsel for Plaintiffs and Counterclaim Defendants Buccellati Holding Italia SpA and Buccellati, Inc.***

16

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Albert Bordas, Esq.
**ALBERT BORDAS, P.A.**
Email: albert@bordasiplaw.com
5975 Sunset Dr., Suite 607
Miami, FL 33143
(305) 669-9848 – telephone
(305) 669-9851 – facsimile
*Service via ECF*

Leonardo G. Renaud, Esq.
**LEONARDO G. RENAUD, P.A.**
Email: leonardorenaud@aol.com
8105 NW 155th St.
Miami Lakes, FL 33016
(305) 818-9993 – telephone
(305) 818-9997 – facsimile
*Service via ECF*

David T. Azrin, Esq.
**GALLET DREYER & BERKEY LLP**
Email: dta@gdblaw.com
845 3rd Ave., 8th Fl.
New York, NY 10022
(212) 935-3131 – telephone
(212) 935-4514 – facsimile
*Service via ECF*

               s/Jaime Rich Vining
               Jaime Rich Vining