## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:13-cv-21297-KMM-Moore/Torres

**BUCCELLATI HOLDING ITALIA SPA**
and **BUCCELLATI, INC.**,

          Plaintiffs,

v.

**LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI**, and **LILIAN AZEL**,

          Defendants.

_____/

**LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI,**

          Counter-Plaintiffs.

v.

**BUCCELLATI HOLDING ITALIA SPA**,
**BUCCELLATI, INC.**, **GIANMARIA
BUCCELLATI, BUCCELLATI WATCHES SA**,
and **PAOLO CARRION**,

          Counter-Defendants

_____/

### BUCCELLATI'S REPLY MEMORANDUM IN SUPPORT
### OF ITS MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES OR,
### ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

## INTRODUCTION

Rather than specifically refute the cases cited by Buccellati in its Motion to Strike, Defendants accuse Buccellati of failing to inform the Court of a so-called "sharp split of authority" when it comes to the legal standard applicable to a motion to strike affirmative defenses. Defendants then make a blanket dismissal of all of Buccellati's cited authority as irrelevant because those cases supposedly apply the "incorrect" legal standard. But Defendants' position—and failure to specifically address any of the cases relied on by Buccellati—is misguided, for two reasons. ***First***, the truth is that a majority of district courts in the Eleventh Circuit, including those in Florida, apply the same "heightened" pleading standard from *Twombly* and its progeny to affirmative defenses. ***Second***, even the few outlier cases cited by Defendants applying a "lesser" pleading standard to affirmative defenses post-*Twombly* (for example, *Smith v. Wal-Mart Stores, Inc.*) hold, as did all pre-*Twombly* cases, that each defense must still give a plaintiff "fair notice of the nature of the defense ***and the grounds upon which it rests***." Here, however, Defendants' twenty conclusory "affirmative defenses" do not meet the "fair notice" standard either.

## ARGUMENT

### I.  Buccellati Did Not Cite An Incorrect Legal Standard: A Majority of District Courts in Florida Apply the Same Legal Standard to All Pleadings.

While Defendants are correct that the Eleventh Circuit has yet to clearly articulate the standard applicable to pleading affirmative defenses following *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), there is no "sharp split of authority" among district courts in the Eleventh Circuit, as Defendants claim. Rather, a "majority of lower courts have found that affirmative defenses must satisfy the heightened pleading standard" of *Twombly* and *Iqbal*. *See Ocean's 11 Bar & Grill v. Indemnity Ins. Corp.*

*RRG*, No. 11-61577-CIV, *18, 2012 WL 5398625 (S.D. Fla. Nov. 2, 2012) (Altonaga, J.) (finding defense of unclean hands "was insufficiently pleaded" because no supporting facts were alleged and the defense relied only on "a conclusory statement or label").

"Specifically, *a majority of district courts in Florida* have applied this heightened pleading standard to affirmative defenses." *Castillo v. Roche Laboratories Inc.*, 10–20876–CIV, 2010 WL 3027726, *1 (S.D. Fla. Aug. 2, 2010) (Seitz, J.) (emphasis added), *citing Torres v. TPUSA, Inc.*, No. 2:08–cv–618–FtM–29DNF, 2009 WL 764466, *1 (M.D. Fla. Mar. 19, 2009) (Steele, J.) (affirmative defense stating that plaintiff fails to state a claim upon which relief can be granted provides no basis on which the court can determine a plausible basis for this defense); *Holtzman v. B/E Aerospace, Inc.*, No. 07–80551, 2008 U.S. Dist. LEXIS 42630, *6 (S.D. Fla. May 28, 2008) (Marra, J.) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07–20608, 2007 WL 2412834, *3 (S.D. Fla. Aug. 21, 2007) (Torres, Mag. J.) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.").[1]   This is because "boilerplate defenses clutter the

---

[1] *See also, e.g., Sace BT SpA v. Italkitchen Int'l, Inc.*, No. 11-21663-CIV, 2012 WL 37391, *1 (S.D. Fla. Jan. 6, 2012) (O'Sullivan, Mag. J.) (applying *Twombly* pleading standard and dismissing multiple affirmative defenses that did "nothing more than state bare legal conclusions"); *Royal Caribbean Cruises, Ltd. V. Jackson*, 921 F. Supp. 2d 1366, 1373 (S.D. Fla. 2013) (Seitz, J.) (applying *Twombly* and dismissing multiple affirmative defenses that were "nothing more than conclusions" as well as those that set out improper legal standards); *In re Checking Account Overdraft Litigation*, 281 F.R.D. 667, 678 (S.D. Fla. 2012) (King, J.) (single-sentence affirmative defenses consisting of mere "labels and conclusions" were "insufficiently pled"); *Bartram v. Landmark Am. Ins. Co.*, No. 1:10-cv-28, 2010 WL 4736830 (N.D. Fla. Nov. 16, 2010) (Mickle, Chief J.) (applying *Twombly* and striking multiple insufficient affirmative defenses).

docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery"; as such, "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for its claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo*, 2010 WL 3027726 at *2-3 (internal citations, brackets and ellipses omitted).

Only a handful of lower courts have held, post-*Twombly*, that a lesser pleading standard applies to affirmative defenses, honing in on the absence of the term "showing" from Rules 8(b) and (c). But these cases—including Magistrate Judge Rosenbaum's opinion in *Ramnarine v. CP RE Holdco 2009-1, LLC,* the text of which comprises a substantial portion of pp. 4-6 of the Defendants' Response—are outliers. The majority of district courts recognize that "[w]hile the language in Civil Rule 8(a) differs from the language in Civil Rule 8(b) & (c), this difference is minimal and simply reflects the fact that an answer is a response to a complaint. Furthermore, the shared use of the 'short and plain' language—the essence of the pleading standard—indicates the pleading requirements for affirmative defenses are the same as for claims of relief." *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) (finding two affirmative defenses were pled properly, while one failed to state defense).

In any event, each of the minority view cases emphasizes the same policy reason for reading a lesser pleading standard into Rule 8(b) and (c), namely that fairness dictates applying a lesser standard to defenses because many defendants only have 21 days to file a responsive pleading. But that justification does not apply here, because Defendants did not answer Buccellati's Complaint for more than 60 days. And, as Defendants are themselves quick to point out, the parties have been engaged in one legal dispute or another for years, and the Complaint in

this case closely tracks that of the 2011 Complaint—later dismissed on personal jurisdiction grounds—that Buccellati filed against Defendants in New York.  So Defendants had notice of Buccellati's federal claims, at least, for more than eighteen months. Surely that was sufficient time to identify proper affirmative defenses and figure out how to plead them.  *C.f., Castillo*, 2010 WL 3027726 at *3 (finding defendant's argument that minority view should be applied "unavailing" where defendant had "ample time to allege sufficient facts to give Plaintiff fair notice of its defenses" in light of EEOC charges filed nearly 16 months before complaint was filed).

To summarize, contrary to Defendants' assertion that there is a real split of authority on the standard to apply to pleading affirmative defenses, in truth, most federal district courts apply the same Rule 8 notice pleading standard to all pleadings.  Buccellati respectfully suggests that this Court should follow the greater weight of authority and do the same.

## II.   Defendants' 20 Conclusory Affirmative Defenses Don't Meet Even the Lesser, Pre-*Twombly* "Fair Notice" Standard that Defendants Contend Should Apply.

Even if the Court were to decide that Defendants are correct and a "lesser" pleading standard applies to affirmative defenses, Defendants' 20 bald and conclusory allegations here do not provide "fair notice" to Buccellati and the Court of the nature of each defense and the grounds upon which it rests.  Indeed, in its Motion to Strike, Buccellati identified and relied on plenty of pre-*Twombly* cases applying the "fair notice" standard Defendants contend is proper, but Defendants have not bothered to address any of them.  Instead, Defendants rely on a series of cases that are distinguishable and should be disregarded by the Court, as discussed further below.

*Affirmative Defense No. 5 (Merely a Surname)*: Buccellati's three incontestable trademark registrations cannot be attacked for being "merely a surname" or even "merely descriptive."  But two of the cases cited by Defendants in support of their "merely a surname"

- 4 -

defense—*Tana v. Dantanna's*, 611 F.3d 767 (11th Cir. 2010) and *Conagra, Inc. v. Singleton,* 743 F.2d 1508 (11th Cir. 1984)—involved unregistered trademarks rather than incontestable registrations.  The other two cases cited by Defendants—*DC Labs Inc. v. Celebrity Signatures Int'l, Inc.* and *Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*—involved registrations that were not incontestable.  Thus none of Defendants' cases addresses or refutes Buccellati's point. Affirmative Defense No. 5 is not available to Defendants and should be stricken with prejudice.

*Affirmative Defense No. 14 (Statute of Limitations)*: Defendants made only an ambiguous allegation that Buccellati's claims are barred by the non-specific "applicable" statute of limitations.  In its Motion to Strike, Buccellati noted that the Lanham Act, which serves as the basis for Buccellati's primary claims, does not have a Statute of Limitations.  Now, in their Response, Defendants claim that although not stated, Affirmative Defense 14 refers to Buccellati's state law claims, which do have a statutory limitation period.  *See* Fla Stat. § 95.11 (2012).  But Defendants' response highlights the ambiguity in the way this defense was pleaded. Merely stating that the "applicable" statute of limitations applies to some non-specified claim does not provide Buccellati fair notice of the defense and the grounds for it. Affirmative Defense 14 should be stricken.[2]

*Affirmative Defense No. 18 (Res Judicata/Collateral Estoppel)*: To save this defense, Defendants now claim the Trademark Trial & Appeal Board "did issue an order which may have bearing on the claims in this suit."  (Resp. at 9).  But Defendants' response highlights

---

[2] Defendants' reliance on *Smith v. Wal-Mart* is further mistaken because the plaintiff in that case attempted to argue the merits of the statute of limitations defense, and did not argue that the defense was too vague or conclusory.  *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *5. Buccellati has not challenged the merits of the statute of limitation defense.   Rather, Buccellati's chief complaint—which applies to all twenty of the conclusory, boilerplate defenses—is that the defenses fail to provide sufficient notice so that Buccellati cannot ascertain what conduct Defendants claim give rise to each purported defenses.  (Dckt. #28, p. 1).

Buccellati's point: Defendants' pleadings fail to provide fair notice of the nature of the defense. If a TTAB order provides the basis for this defense, Defendants should have identified it with specificity in their pleading, and identified which claims in the suit it has a "bearing on."

*Affirmative Defense No. 20 (Reservation of Rights)*: Defendants fail to refute the cases cited by Buccellati in support of striking this defense, but rather recite the now-familiar refrain that "Courts applying the proper legal standard in intellectual property cases" have upheld similar defenses  (Resp. at 9).  This statement is misleading, however, because Defendants cite only *Ramnarine*, a case brought under the Americans with Disabilities Act and which involved no intellectual property issues.  *See* Case No. 12-61716-CIV, 2013 WL 1788503, *1 (S.D. Fla. Apr. 26, 2013).   Further, the court's decision in *Ramnarine* rested not on the pleading standard applicable to affirmative defenses, but on the fact that the defendants in that case "did not plead their reservation of rights clause as an affirmative defense."  2013 WL 1788503, at *6.  Here, in contrast, there is no question that Defendants' reservation of rights clause was pleaded as an affirmative defense; it is number twenty under the "Affirmative Defenses" section.  (Dckt. #16, p. 7, ¶ 20).  As such, Buccellati respectfully suggests that the court exercise its discretion and follow the precedent set by the three Florida district court cases Buccellati identified in its Motion—namely, *Gonzalez, Ayers*, and *Merrill Lynch*—by striking Defendants' twentieth affirmative defense.

*Affirmative Defense No. 3 (Fraud)*: The third affirmative defense fails to comply with the Rule 9(b) pleading standard.  Defendants attempt to salvage this defense by relying on their "detailed counterclaims."  (Resp. at 9-10).  However, as pointed out in Buccellati's motion, the affirmative defenses do not incorporate the allegations contained in the counterclaims.  (*See generally* Dckt. #16, pp. 5-7).  Notwithstanding this omission, this defense also fails on

substantive grounds. "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Pujals ex rel. El Rey de los Habanos, Inc. v. Garcia*, 777 F. Supp.2d 1322, 1327 (S.D. Fla. 2011). This affirmative defense must respond to the Complaint, namely, allege fraud in the procurement of the trademark registrations that Buccellati asserted in the Complaint. The counterclaims, however, focus on Buccellati Holding Italia's pending trademark Application No. 77/281,355 for BUCCELLATI—there is no mention of the registrations cited in the Complaint.[3] Indeed, Buccellati did not assert the '355 Application in the Complaint. (*See* Dckt. #1, p. 4 at ¶10). Thus, this defense is not pleaded with specificity and should be stricken with prejudice.

*Affirmative Defenses Nos. 11, 15-17 & 19 (Equitable Defenses)*: As noted in the Motion, most district courts, and particularly those in the Southern District of Florida (*see* Dckt. # 28, pp. 7-8 discussion of *Katz*, *Lynch*, *V/G Inv.* and *Pujals*), will not allow equitable defenses that are pleaded as bare bones conclusions. Defendants do not refute, or even mention, any of the cases cited by Buccellati, however. Instead, they cite different cases from other circuits, and in particular, Defendants rely on a trio of California district courts applying Ninth Circuit law, where greater latitude is generally given to "boilerplate" defenses.[4] Defendants also rely on *Microsoft Corp. v. Worth*, where the court declined striking an unclean hands defense because the defense was not "so unrelated to the controversy as to warrant striking the defense." No.

---

[3] Defendants have failed to meet the Rule 9(c) heightened pleading standard for their counterclaims that are based in fraud, as detailed in Buccellati's Motion to Dismiss and reply thereof. (*See* Dckt. #29, pp. 12-14).

[4] *See, e.g.*, Resp. at pp. 10-11, *citing* California district court cases: *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12-CV-1454, 2013 WL 4026366 (S.D. Cal. Aug, 6, 2013); *Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*, No SACV 11-468, 2011 WL 3438873 (C.D. Cal. Aug. 5. 2011); and *Vistan Corp. v. Dadei USA, Inc.*, No. C-10-4862, 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011). One case cited repeatedly in the Response by Defendants – *Malibu Media, LLC v. Lee* – actually **granted** a motion to strike an improperly pled and unsupported "unclean hands" defense. *See* No. 12-03900, 2013 WL 2252650, *9 (D.N.J. May 22, 2013).

3:06-CV-2213, 2007 WL 1975574, *2 (N.D. Tex. July 5, 2007).  This is not responsive to Buccellati's motion, however.  Buccellati asked the Court to strike Defendants' bare-bones and conclusory equitable defenses because they fail to provide fair notice of the basis of each defense.  Buccellati cannot ascertain whether the equitable defenses are relevant—let alone related to the controversy—because Defendants have provided no factual support, whatsoever.

*Affirmative Defense No. 2 (Trademark Misuse)*:  Buccellati's Motion pointed out that "trademark misuse" is a questionable defense, at best.  Indeed, the primary case relied on by Defendants to this defense—*1-800 Contacts v. Memorial Eye, P.A.*—holds that if the trademark misuse defense is available, then "it is only available in relation to antitrust and unclean hands."  *See* No. 2:08-CV-983, 2010 WL 988524, *7 (D. Utah Mar. 15, 2010).  Here, the Court should dismiss this defense in its entirety, as there is no antitrust component to this case and Defendants have separately (and insufficiently, as noted above) pleaded an unclean hands defense.

*Affirmative Defense No. 4 (Descriptive Use)*:  Defendants again rely on the *DC Labs* opinion from the Southern District of California, but that case is distinguishable both because it involved a mark that was not incontestable (meaning there was only a *prima facie* presumption of validity connected to the asserted registered trademarks rather than the conclusive showing of validity applicable to Buccellati's asserted incontestable marks here) and because the court found the defendant alleged "specific grounds" to support the defense. 2013 WL 4026366 at *6-7. *Baroness*, another California case, is similarly distinguishable, because the registered trademark asserted there was not incontestable either.

*Affirmative Defense No. 8 (Abandonment)*:  Again, Defendants ignore the pre-*Twombly* Eleventh Circuit case law cited by Buccellati, choosing instead to rely only on California district court cases (applying the Ninth Circuit's more lenient pleading standard for affirmative defenses)

- 8 -

to support the abandonment defense.  In any event, even the cases relied on by Defendants in the Response prove Buccellati's point that the conclusory "abandonment" defense asserted here is not sufficient.  For example, in *DC Labs*, the defendant's responsive pleading included detailed allegations regarding the circumstances of specific marks allegedly abandoned in whole or in part.  The same holds true for the *Baroness* case.  There are no similar allegations made by Defendants here.

*Affirmative Defense No. 13 (Fair Use)*:  Defendants do not respond to Buccellati's arguments on this defense, implicitly conceding that their "fair use" defense was improper.

*Affirmative Defense No. 12 (First Amendment)*:  Defendants rely on *Xpertuniverse, Inc. v. Cisco Sys., Inc.*, 868 F.Supp. 2d 376 (D. Del. 2012), in which the plaintiffs challenged a First Amendment defense long after discovery commenced.  The court found in *Xpertuniverse* that even though the defense was a "bare bones conclusory allegation," the plaintiffs waited too long to object.  868 F.Supp. 2d at 384.  Unlike in *Xpertuniverse*, here Buccellati timely moved to strike, shortly after Affirmative Defense No. 12 was pleaded.  *C.f.  Fesnak & Assoc's, LLP v. U.S. Bank Nat'l Ass'n*, 722 F.Supp.2d 496, 502 (D. Del. 2010) (dismissing "bare bones conclusory allegations" that were immediately challenged); *Sun Microsystems, Inc. v. Versata Enters.*, 630 F.Supp.2d 395, 407-08 (D. Del. 1996) (same).

*Affirmative Defenses Nos. 1, 6-7, 9-10  (Denials)*:  Defendants do not address a single one of the Eleventh Circuit and Florida district court cases cited by Buccellati in its Motion.  Instead, Defendants rely on *Ramnarine* (again, notably, an ADA case, not an "intellectual property case" as Defendants contend) and similar cases which declined to strike denials postured as affirmative defenses because, "as a practical matter," the label applied would not "affect how the parties will proceed."  *Ramnarine*, 2013 WL 1788503, *4.  But even in *Ramnarine*, which applied the

- 9 -

"lesser" pleading standard of the minority line of cases, the pleaded defense went beyond what Defendants pleaded here and gave *some* basis for/explanation of the defense (contrast *Ramnarine's* standing defense—"Plaintiff lacks standing to bring an [ADA] claim where he has failed to establish a real and immediate threat that we would again be the victim of the allegedly unconstitutional practice" —with Affirmative Defense No. 9 here: "Plaintiffs' claims are barred because Plaintiffs lack standing").  Defendants can cite all the cases they want for the general proposition that in some instances, there is no real harm from improperly labeling a denial an "affirmative defense."  But absent a showing that each of those cases contained the same kind of formulaic legal conclusions pleaded by Defendants here, they are not helpful to Defendants.

## CONCLUSION

For the forgoing reasons, Buccellati respectfully renews its request that this Court grant its Motion to Strike, and for such other and further relief as this Court deems just and proper.  In the alternative, this Court should enter an order requiring Counterclaimants to file a more definite statement pursuant to Rule 12(e).

DATED:  September 6, 2013                Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/Jaime Rich Vining
By:  David K. Friedland
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
1500 San Remo Ave., Suite 200
Coral Gables, FL 33146
(305) 777-1720 – telephone
(305) 456-4922 – facsimile

*-and-*

- 10 -

AM 23793714.1

**EDWARDS WILDMAN PALMER, LLP**

Perla M. Kuhn (admitted *pro hac vice*)
Rory J. Radding (admitted *pro hac vice*)
H. Straat Tenney (admitted *pro hac vice*)
750 Lexington Avenue
New York, NY 10022
(212) 308-4411 – telephone
(212) 308-4844 – facsimile

Jami A. Gekas (admitted *pro hac vice*)
225 W. Wacker Drive
Chicago, IL 60606
(312) 201-2000 – telephone
(312) 201-2200 – facsimile

*Counsel for Plaintiffs and Counterclaim*
*Defendants Buccellati Holding Italia SpA and*
*Buccellati, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Albert Bordas, Esq.
**ALBERT BORDAS, P.A.**
Email: albert@bordasiplaw.com
5975 Sunset Dr., Suite 607
Miami, FL 33143
(305) 669-9848 – telephone
(305) 669-9851 – facsimile
*Service via ECF*

Leonardo G. Renaud, Esq.
**LEONARDO G. RENAUD, P.A.**
Email: leonardorenaud@aol.com
8105 NW 155th St.
Miami Lakes, FL 33016

- 11 -

(305) 818-9993 – telephone
(305) 818-9997 – facsimile
*Service via ECF*

David T. Azrin, Esq.
**GALLET DREYER & BERKEY, LLP**
Email: dta@gdblaw.com
845 Third Avenue, 8th Floor
New York, NY 10022-6601
(212) 935-3131
Fax: (212) 935-4514
*Service via ECF*

s/Jaime Rich Vining
Jaime Rich Vining

AM 23793714.1