IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-21297-KMM

BUCCELLATI HOLDING ITALIA SPA
and BUCCELLATI, INC.,

    Plaintiffs/Counter-Defendants,

vs.

LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI, and LILIAN AZEL,

    Defendants/Counter-Plaintiffs.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

THIS CAUSE came before the Court upon Plaintiffs' Motion to Strike Defendants' Affirmative Defenses or, Alternatively, for a More Definite Statement (ECF No. 28). Defendants filed a Response (ECF No. 33) and Plaintiffs filed a Reply (ECF No. 35). For the reasons set forth below, Plaintiffs' Motion is granted in part and denied in part.

### I.    BACKGROUND

This is a case brought by some members of the Buccellati family against another member of the Buccellati family seeking injunctive relief and damages for alleged acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition. Compl., at 1 (ECF No. 1). Plaintiff Buccellati Holding Italia SPA is a corporation organized and existing under the laws of the country of Italy, having its principal place of business in Milan, Italy. Compl., at 2. Plaintiff Buccellati Inc. is a corporation organized and existing under the laws of the State of New York, having its principal place of business in the Bronx, New York. Compl.,

at 2. Defendants Laura Buccellati and Lilian Azel are the co-founders of Laura Bucellati LLC, a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business in Miami, Florida. Compl., at 2-3.

The Buccellati family history, outlined in Defendants' Counterclaim, is long and complex. Countercl., 8-12 (ECF No. 16). While it may be interesting to the fashion bloggers and gossip columnists, it does not have much relevance to the instant motion. It suffices to say that Plaintiffs are the owners of the right, title and interest in and to the following federally registered trademarks and service marks:

| **Mark** | **Reg. No.** | **Reg. Date** | **First Use** | **Int'l Class(es)** |
| --- | --- | --- | --- | --- |
| BUCCELLATI | 841,635 | 1/2/1968 | 12/13/1952 | 8, 14 |
| BUCCELLATI | 865,932 | 3/14/1969 | 12/31/1958 | 35 |
| BUCCELLATI | 2,156,171 | 5/12/2008 | 12/31/1952 | 14 |

Compl., at 4. Plaintiffs are suing Defendants for trademark infringement because Defendants are engaged in designing and selling products such as handbags, carryalls, purses, wallets, belts, and scarves under the LAURA BUCCELLATI name and trademark. Compl., at 6. Plaintiffs first commenced their lawsuit in the Southern District of New York on or about October 14, 2011. Countercl., at 17. In an Order dated March 27, 2013, the Honorable Paul G. Gardephe dismissed the lawsuit for lack of personal jurisdiction. Countercl., at 17-18. Plaintiffs filed their Complaint in this Court on April 12, 2013 (ECF No. 1), and Defendants filed their Answer, Affirmative Defenses, and Counterclaims on June 24, 2013 (ECF No. 16).

Plaintiffs subsequently filed the instant Motion to Strike Affirmative Defenses or, Alternatively, for a More Definite Statement on August 7, 2013. Plaintiffs' Motion asks this Court to strike, as a matter of law, defense No. 5 ("Merely a Surname"), No. 14 (Statute of

Limitations), No. 18 (Res Judicata/Collateral Estoppel), and No. 20 (Reservation of Rights). Pls.' Mot., at 3-6. Plaintiffs ask this Court to strike defense No. 3 (Fraud Defense) because it does not comply with Rule 9(b). Pls.' Mot., at 6-7. Plaintiffs ask this Court to strike defense No. 11 (Unclean Hands), No. 15 (Laches), No. 16 (Estoppel), No. 17 (Waiver), and No. 19 (Acquiescence) because no specific elements are pled. Pls.' Mot., 7-9. Plaintiffs ask this Court to strike defense No. 2 (Trademark Misuse), No. 4 (Defendants' Deceptive Mark), No. 8 (Abandonment), No. 12 (First Amendment), and No. 13 (Fair Non-Trademark Use) because they do not provide fair notice to Plaintiffs. Pls.' Mot., at 9-11. Finally, Plaintiffs ask the Court to strike Defendants' five remaining affirmative defenses, No. 1 (Failure to State a Claim), No. 6 ("Not Likely to Cause Confusion"), No. 7 ("Corporate Defendant"), No. 9 (Standing), and No. 10 ("Prior and Superior Rights"), with prejudice, because they are mere denials. Pls.' Mot., at 11-12. Defendants filed their Response on August 26, 2013, and Plaintiffs filed their Reply on September 6, 2013.

## II.  LEGAL STANDARD

### A. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has broad discretion when considering a motion to strike. Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). However, motions to strike are disfavored by the courts and several courts have characterized these motions as "time wasters." See, e.g., Holtzman v. B/E Aerospace, Inc., No. 07-80551, 2008 WL 2225668, at *1 (S.D. Fla. May 29, 2008); Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1417 (M.D. Fla. 1989). Courts generally deny such motions "unless the allegations

3

have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v. Consol. Constr. Servs. of S.W. Fla., Inc., No. 2:07-CV-123, 2007 WL 4181910, at *1 (M.D. Fla. Nov. 26, 2007).

"Affirmative defenses are [sic] subject to the general pleading standard of Fed.R.Civ.P. 8(a), which requires a 'short and plain statement' of the asserted defense." Romero v. S. Waste Sys., LLC, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009). Despite liberal pleading requirements, "where the affirmative defenses are no more than 'bare bones conclusory allegations, [they] must be stricken.'" Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)) (quoting Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002)); see also Romero, 619 F. Supp. 2d at 1358 ("While the rule does not require presentation of detailed facts, it does require the party raising the affirmative defense to 'do more than make conclusory allegations.'") (quoting Microsoft Corp., 211 F.R.D. at 684); see also Gonzalez v. Spears Holdings, Inc., No. 09-60501-cv-60501, 2009 WL 2391233, at *1 (S.D. Fla. July 31, 2009) ("Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests.") (internal quotations omitted); see also Katz v. Chevaldina, 12-cv-22211, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013). A court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint. Katz, 2013 WL 2147156, at *2 (citing Morrison, 434 F. Supp. 2d at 1318). Furthermore, an affirmative defense should be stricken if it is insufficient as a matter of law. Microsoft Corp., 211 F.R.D. at 683. "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id.

4

### B. Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides the mechanism by which a party moves the court to require a more definite statement. Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e); see Home Mgmt. Solutions, Inc. v. Prescient, Inc., 07-cv-20608, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). "If a pleading 'fails to specify the allegations in a manner that provides sufficient notice' or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement." Holtzman v. B/E Aerospace, Inc., 07-cv-80551, 2008 WL 2225668, at *2 (S.D. Fla. May 29, 2008) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).

### III.   ANALYSIS

Defendants' Answer pleads twenty affirmative defenses. Plaintiffs move to strike each of Defendants' affirmative defenses for various reasons, which are outlined supra at pages 2-3. Upon review of Defendants' affirmative defenses one through twenty this Court finds that affirmative defenses number one through nineteen fail to put Plaintiffs on fair notice of the defense asserted so that Plaintiffs can meaningfully respond to the Answer.

For example, Defendants fourteenth affirmative defense states that "Plaintiffs' claims are barred by the applicable statute of limitations." Answer, at 6. Plaintiffs argue in their Motion that there is no statute of limitations under the Lanham Act. Pls.' Mot., at 4-5. Defendants responded by pointing to the fact that Plaintiffs' claims against the Defendants go beyond the Lanham Act and include claims under state trademark dilution law (Fla. Stat. § 495.151), common law trademark infringement, and common law unfair competition. Defs.' Resp., at 7-8.

5

Thus, statute of limitations is a defense that is relevant to the controversy and it would be improper to strike the defense as a matter of law. Defendants are correct that the Court should not strike this defense as a matter of law at this stage in the case. However, the way in which Defendants pled this defense, without specifying which statute of limitations they are referring to, is so vague and ambiguous that Plaintiffs could not be expected to respond in a meaningful way.

The five equitable affirmative defenses (unclean hands, laches, estoppel, waiver, and acquiescence) pled by Defendants are similar examples of "bare bones conclusory allegations" that do not provide Plaintiffs with fair notice. Answer, at 6-7. For each of these defenses, Defendants did not plead any of the necessary elements. Instead, each defense is simply stated and unsupported. For example, Defendants claim that, "Plaintiffs' claims are barred by the doctrine of estoppel." Answer, at 6. Whether this defense is applicable in the instant case is impossible to ascertain since Defendants offer nothing by way of support. See Lynch v. Cont'l Group, Inc., No. 12-cv-21648, 2013 WL 166226, at *4 (S.D. Fla. Jan. 15, 2013) (granting Defendant leave to replead affirmatives defenses of laches, wavier, estoppel, and unclean hands because "Defendant has not pled all of the necessary elements for each of these defenses").

It is unnecessary to examine the remaining affirmative defenses because the Court finds with respect to each of the challenged defenses (Nos. 1-19) that they have not been pled with adequate specificity to give fair notice of the defenses asserted.[1] That failure, however, does not

---

[1] Plaintiffs claim that five of Defendants' affirmative defenses (No. 1, 6, 7, 9, and 10) are mere denials and should be stricken with prejudice. An affirmative defense is "one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) (internal citations omitted). By contrast, statements which seek only to negate an element of Plaintiff's prima facie case are mere denials. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) ("[A] defense which

render these affirmative defenses insufficient as a matter of law and subject to a motion to strike. See Westfield Ins. Co. v. Northland Ins. Co., No. 08-cv-80748, 2008 WL 4753994, at *2 (S.D. Fla. Oct. 28, 2008). Instead, the Court will grant Plaintiffs' alternative request for relief for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.

Finally, the Court finds that Defendants' "reservation of rights clause," which is included as Defendants' twentieth defense should be stricken from the Answer as a matter of law. An affirmative defense is one that admits to the complaint, but avoids liability, wholly or in part, by new allegations of excuse, justification or other negating matter. Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia, 777 F. Supp. 2d 1332, 1327 (S.D. Fla. 2011). Defendants' reservation of rights clause is not an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiffs' claims. See Gonzalez v. Spears Holdings, Inc., No. 09-cv-60501, 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009); see also Achievement & Rehabilitation Ctrs. v. City of Lauderhill, No. 12-cv-61628, 2012 WL 6061762, at *2 (S.D. Fla. Dec. 6, 2012). To the extent that Defendants wish to add additional affirmative defenses, it will have to move this Court for leave to amend and it will ultimately be for the Court to decide whether to grant leave. Id. As a result, Defendants' twentieth affirmative defense is stricken from the Answer.

## IV.   CONCLUSION

For the foregoing reasons, it is

---

simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense."). Before deciding whether affirmative defenses no. 1, 6, 7, 9 and 10 are merely denials the Court will grant Defendants leave to amend. However, the Defendants should be on notice that, as affirmative defense No. 1 is currently pled, for example, the Court would likely construe it as a denial. See V/G Inv. v. M/V Pacific II, 12-cv-20543, 2012 WL 3064097, at *2 (S.D. Fla. July 27, 2012) ("It is not an affirmative defense 'simply to state Plaintiff has failed to state a cause of action upon which relief can be granted.'") (quoting White v. De La Osa, No. 07-cv-23381, 2011 WL 1559826, at *2 (S.D. Fla. Apr. 25, 2011)).

ORDERED AND ADJUDGED that Plaintiffs' Motion to Strike Defendants' Affirmative Defenses or, Alternatively, For a More Definite Statement is GRANTED IN PART AND DENIED IN PART as follows:

1. Defendants are granted leave to amend affirmative defenses no. 1-19 within ten (10) days of the date of entry of this Order.
2. Defendants' affirmative defense No. 20 is stricken from the Answer.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of November, 2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record