UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-cv-21297-Moore/Torres

BUCCELLATI HOLDING ITALIA SPA
and **BUCCELLATI, INC.,**

       Plaintiffs,

v.

**LAURA BUCCELLATI, LLC, LAURA BUCCELLATI,** and **LILIAN AZEL,**

       Defendants.

_____/

**LAURA BUCCELLATI, LLC,** and
**LAURA BUCCELLATI,**

       Counterclaim Plaintiffs,

v.

**BUCCELLATI HOLDING ITALIA SPA,
BUCCELLATI, INC., GIANMARIA
BUCCELLATI, BUCCELLATI WATCHES SA,**
and **PAOLO CARRION**

       Counterclaim Defendants.
_____/

**DEFENDANTS' OBJECTIONS TO MAGISTRATE ORDERS
DATED JANUARY 24, 2014 (D.E. 118) AND JANUARY 26, 2014 (D.E. 125)**

       Defendants Laura Buccellati LLC, Laura Buccellati and Lillian Azel (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 72(a), Defendants hereby object to the Orders of Magistrate Judge Edwin G. Torres, dated January 24, 2014 (D.E. 118) and January 26, 2014 (D.E. 125), refusing to even hear or consider Defendants' motion to compel dated

1

January 22, 2014 (D.E. 114) ("Motion"), on the ground that it was untimely, and respectfully request that this Court proceed to at least hear and consider the merits of the Motion, and grant such further relief as this Court deems just and proper.

## MEMORANDUM OF LAW

Throughout the pendency of this litigation, Defendants have done everything reasonably possible to ensure that the exchange of discovery in the instant matter has flowed smoothly and efficiently. Where there were disagreements with counsel for plaintiffs Buccellati Italia Holding SPA and Buccellati, Inc. ("Plaintiffs"), Defendants and Plaintiffs met and conferred to resolve those differences in accordance with the Federal Rules of Civil Procedure and the local rules of this Court. Despite their best efforts, Defendants have become victims of Plaintiffs' delay. Magistrate Judge Edwin G. Torres' unequivocal refusal to even hear or consider the Defendants' Motion after the close of discovery rewards Plaintiffs' recalcitrance while punishing Defendants' attempts at compliance with the rules of this Court.

In accepting Plaintiffs' Responses to Defendant's Second Set of Request for Production, dated January 10, 2014, Defendants specifically relied on Plaintiffs' representations that they would produce certain categories of documents, and delayed making a motion to compel. To Defendants' chagrin, most of what was promised did not appear, and what little was produced seemed patently insufficient. Defendants' then attempted to meet and confer with opposing counsel, who further delayed by stating that the only date available to them to so confer was after the discovery deadline. Defendants' ensuing motion to compel was denied by Magistrate Judge Edwin G. Torres for being filed untimely (Docket No. 118), as was their motion for reconsideration (Docket No. 125).

Defendants now find themselves at a tremendous disadvantage occasioned by their reliance on Plaintiffs' representations and compliance with the Local Rule 7.1 requiring a conference before any discovery motion can be filed. It cannot be the policy this Court to punish those who attempt to comply with its rules and with the general dictates of professional courtesy. It is incumbent on this Court to simply give Defendants the opportunity to be heard on the merits of their motion to compel, and not punish them for Plaintiffs' misconduct. Prior rulings of this Court indicate that a more holistic view of such a discovery dispute should be undertaken, before automatically and unequivocally refusing to even hear or consider the merits of a motion to compel, on the ground that it was untimely.

## I.   BACKGROUND

On December 11, 2013, in advance of the discovery deadline, Defendants served their Second Set of Requests for Production. In it, Defendants requested documents critical to its defense including, but not exclusive to, documents relating to business activities of other Buccellati family members using the Buccellati name in the fashion or jewelry business and documents relating to 67% buyout of plaintiff Buccellati Holding Italia SPA. As set forth in Defendants' motion to compel (Docket No. 104), Plaintiffs refused to produce as substantial number of these clearly relevant documents. Plaintiffs' Response to Defendants' Second Set of Requests is attached hereto as Exhibit "1". While it is dated January 10, 2014, Plaintiffs did not provide the actual responsive documents until a few days later. What Plaintiffs did, in fact, produce, was patently insufficient, and ran contrary to their prior representations that they would produce non-objectionable categories of documents.

On January 13, 2014, Defendants attempted to schedule a conference so that the discovery issues could be resolved. Plaintiffs refused to meet and confer until January 16, 2014,

after the discovery deadline had passed. Attached as <u>Exhibit "2"</u> is an email chain, beginning on January 12, 2014, attempting to schedule a conference regarding discovery. Accordingly, by operation of Local Rule 7.1, Plaintiffs were foreclosed from moving to compel until after the discovery deadline had elapsed. Notably, the conference between the parties was ultimately held, and Plaintiffs agreed to produce additional discovery. That discovery has not been received to date.

On or about January 22, 2014, Defendants filed a motion to compel responses to those demands to which Plaintiff improperly objected, and to compel complete responses to those demands to which Plaintiff produced a deficient volume of documents (Docket No. 114). By Order, dated January 24, 2014, Magistrate Judge Torres denied Defendant's motion to compel (Docket No. 118). The motion was denied on the sole ground that it had been interposed after the discovery deadline. On January 26, 2014, Defendants filed a motion for reconsideration (Docket No. 121). On January 27, 2014, Magistrate Judge Torres denied reconsideration on the same ground that the underlying motion to compel was untimely (Docket No. 125).

## II.   ARGUMENT

Defendants hereby object Magistrate Judge Torres' underlying ruling, dated January 24, 2013, that the discovery motion could not be heard because it was untimely, as well as his denial of reconsideration of the motion to compel, dated January 26, 2014. Put simply, Magistrate Judge Torres' ruling was arbitrary and clearly erroneous in that it failed to consider the factors surrounding why the motion to compel was interposed after the discovery deadline. Specifically, Defendants did everything in their power to interpose the motion timely only to be frustrated by their reliance on Plaintiffs' representations that relevant documents were forthcoming, and by

Plaintiffs' unwillingness to meet and confer prior to the discovery deadline. Defendants should not be punished for their attempts at compliance and proper litigation practice.

As a matter of law, Magistrate Judge Torres was not compelled to deny Defendants' motion to compel simply because it was interposed after the discovery deadline. The Local Rule cited by Magistrate Judge Torres, 26.1(f), reads as follows:

> **(f) Completion of Discovery.** Discovery must be completed in accordance with the court-ordered discovery cutoff date. **Written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date**. Depositions, including any non-party depositions, must be scheduled to occur on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order. (emphasis added)

From its plain text, the rule itself makes no mention of discovery motions having to be made prior to the discovery deadline. Defendants served their discovery demands in full compliance with the rule -- "**in sufficient time that the response is due on or before the discovery cutoff date**" -- well within the discovery deadline, and the motion was made well within the thirty day strictures of Local Rule 26.1(f), as the Plaintiff's response was served on January 10, 2014, and the underlying motion made on January 22, 2014 (Docket No. 114). It was Plaintiffs who failed to produce all which was necessary within that time frame despite prior agreement to do so. Magistrate Judge Torres is improperly reading a requirement into the rule not present on its face.

It is well-established that, "Neither the Federal Rules of Civil Procedure nor this District's Local Rules expressly prohibit the filing of a motion to compel after the discovery deadline." Chen v. Cayman Arts, Inc., 10-80236-CIV, 2011 WL 2491009 (S.D. Fla. June 22, 2011). Instead, in determining whether to hear a motion to compel after the discovery period has ended, the Court must consider the following factors, namely "the danger of prejudice to respondent; the

5

length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of movant; and whether movant acted in good faith, with primary importance accorded to absence of prejudice to respondent and the interests of judicial administration." In re BankAtlantic BanCorp, Inc., 07-61542-CIV, 2010 WL 3294342 (S.D. Fla. Aug. 20, 2010) (citing Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir.1996)); see also Kearney Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. United States, 2:10-CV-153-FTM-99, 2012 WL 5906895 (M.D. Fla. Nov. 26, 2012) (a court is clearly not required to deny a motion to compel as untimely).

In the instant matter, the delay in bringing the instant motion is the result of a classic fallacy of trust. Defendants relied on the representations of Plaintiffs that documents responsive to the demands at issue were coming. Further, Defendants acted with unimpeachable good faith in attempting to meet and confer before making this motion. It was the recalcitrance of the Plaintiffs that pushed such a meeting beyond the discovery deadline. See Exhibit "2". The underlying motion was filed a mere six days after the conference with Plaintiffs, and ten days after the responses were first received[1].

Defendants come before the Court here, not because of their inaction, but because of their reliance on Plaintiffs' representations that discovery would be forthcoming when, in fact, the opposite was true. Defendants should not be punished for their attempts at resolving these issues before seeking Court intervention in light of the fact that same is required by both the Federal Rules of Civil Procedure and Local Rules 7.1 and 26.1. Further, trial is currently scheduled for March 24, 2014. There is no reason why the demanded discovery cannot be produced in short

---

[1] In fact, Defendants did not receive Plaintiffs actual documents until several days after the Plaintiffs' response was served. Accordingly, between the discovery of Plaintiffs' deficiencies in production and the time of the motion to compel was, in fact, even shorter than eleven days.

order, and the trial date maintained.  Accordingly, there is no risk of prejudice to the Court by considering, and ultimately granting, Defendant's instant application.

Of equal salience, there is no risk of prejudice to Plaintiffs by this Court granting the application at bar. Prejudice to Plaintiffs would only accrue if they were forced to oppose this motion on the eve of trial.  The 1998 Comments to Southern District of Florida Local Rule 26.1 note that the time limits for discovery motions are to ensure they are "filed when ripe and not held until shortly before the close of discovery or the eve of trial."  Here, trial is still two months away, giving Plaintiffs plenty of time to interpose opposition, and produce the documents. See, e.g., Adelman v. Boy Scouts of Am., 276 F.R.D. 681, 690 (S.D. Fla. 2011) (prejudice would accrue to opposing party if the motion was sprung on the eve of trial; granting an untimely motion to compel where moving party relied on representations of the opposing party as to the quality of the disclosure; motion was timely from the date of discovery of discovery deficiencies).  There is no evidence that Defendants held their motion to compel to disadvantage Plaintiffs on the eve of trial.  In fact, the plain evidence indicates that Plaintiffs have acted as quickly as humanly possible to put the underlying motion to compel before this Court

This Court has repeatedly ruled that where delays in filing motions to compel are *de minimis*, and the moving party can show reasonable cause for the delay, it will consider an untimely motion to compel.  See Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co., 09-CV-80787-RYSKAMP, 2010 WL 411088 (S.D. Fla. Jan. 29, 2010) (the district court discretion in deciding to consider a late-filed motion; granting an untimely motion to compel where delay was *de minimis* and moving party had reasonable cause for untimely motion).  It has further been held that failure to move because of reliance on the representations of an opposing party is reasonable cause for an untimely discovery motion.  See Johnson v. Del

7

Monte Fresh Produce Co., 09-22425-CIV, 2010 WL 3717337 (S.D. Fla. Sept. 17, 2010) (granting an untimely motion to compel where moving party believed that plaintiff was going to respond to the discovery requests prior to the discovery deadline).  In the instant matter, Defendants believed Plaintiffs intended to produce that which they represented they were going to produce.  Such reliance is *per se* reasonable, and cannot now be used by Plaintiff to avoid meeting its discovery obligations.  Additionally, Plaintiffs delayed the required pre-motion conference until after the discovery deadline.  This must also serve as a reasonable excuse as Plaintiffs functionally prevented Defendants from making their motion by delaying the conference.

In sum, Magistrate Judge Torres' decisions are clearly erroneous in light of the well-established law that the discovery deadline does not absolutely foreclose motion practice.  On the balance, Defendants did everything reasonable to procure the discovery within the deadline.  They should not now be punished for their good faith efforts to advance discovery without Court intervention.

With regard to the merits of the motions to compel, Defendants respectfully direct this Court to Defendants' Motion to Compel, dated January 21, 2014 (Docket No. 114) and Defendants' Motion for Reconsideration, dated January 26, 2014 (Docket No. 121).  The arguments contained therein and the exhibits attached thereto are incorporated herein by reference.

## III.   CONCLUSION

For all the foregoing reasons, defendants Laura Buccellati, LLC, Laura Buccellati and Lillian Azel respectfully request that this Court proceed to at least hear and consider Defendants'

Motion to Compel, dated January 22, 2014 (Docket No. 114). For the Court's convenience, a proposed Order is attached to this motion as Exhibit "3".

Dated: January 30, 2014

                        Respectfully submitted,

                        ALBERT BORDAS, P.A.
                        5975 Sunset Drive, Suite 607
                        Miami, FL 33143
                        Tel. (305)669-9848
                        Fax. (305)669-9851
                        albert@bordasiplaw.com

                    By:   s/ Albert Bordas
                           Albert Bordas
                           FBN: 330222

                        LEONARDO G. RENAUD, P.A.
                        8105 N.W. 155 St.
                        Miami Lakes, FL 33016
                        LeonardoRenaud@aol.com
                        Tel. (305) 818-9993
                        Fax. (305)818-9997
                        leonardorenaud@aol.com

                    By:   s/Leonardo G. Renaud
                           Leonardo G. Renaud
                           FBN: 958603


                        GALLET DREYER & BERKEY LLP
                        845 Third Avenue, 8th Floor
                        New York, NY 10022
                        Tel. (212) 935-3131
                        Fax. (212) 935-4514

                        By: s/David T. Azrin
                           David T. Azrin
                           FBN: 0772747

## **RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), counsel for Laura Buccellati, LLC, Laura Buccellati, Lilian Azel certifies that it has conferred with all the parties and non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been able to do so.

/s/ David T. Azrin
David T. Azrin

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this the 30th day of January 2014, to the following person(s) in the following manner:

**David Kenneth Friedland**
Friedland Vining, P.A.
1500 San Remo Ave.
Suite 200
Coral Gables, FL 33146
305-777-1720
305-456-4922 (fax)
dkf@friedlandvining.com
**(Via ECF)**

**Jaime Rich Vining**
Friedland Vining, P.A.
1500 San Remo Ave.
Suite 200
Coral Gables, FL 33146
305-777-1720
305-456-4922 (fax)
jaime.vining@friedlandvining.com
**(Via ECF)**

**Jami A. Gekas**
Edwards, Wildman, Palmer, LLP
225 West Wacker Drive
Chicago, IL 60606
312-201-2000
jgekas@edwardswildman.com
**(Via ECF)**

**Perla M. Kuhn**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
pkuhn@edwardswildman.com
**(Via ECF)**

**Rory J. Radding**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue

New York, NY 10022
212-308-4411
rradding@edwardswildman.com
**(Via ECF)**

**H. Straat Tenney**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
stenney@edwardswildman.com
**(Via ECF)**

**Andre K. Cizmarik**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
**acizmarik@edwardswildman.com**
**(Via ECF)**

**Barry Kramer**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
bkramer@edwardswildman.com
**(Via ECF)**

By: \_/s/David T. Azrin_____
   David T. Azrin