UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-cv-21297-Moore/Torres

**BUCCELLATI HOLDING ITALIA SPA**
and **BUCCELLATI, INC.,**

      **Plaintiffs,**

v.

**LAURA BUCCELLATI, LLC, LAURA BUCCELLATI,** and **LILIAN AZEL,**

      **Defendants.**

_____/

**LAURA BUCCELLATI, LLC,** and
**LAURA BUCCELLATI,**

      **Counterclaim Plaintiffs,**

v.

**BUCCELLATI HOLDING ITALIA SPA,
BUCCELLATI, INC., GIANMARIA
BUCCELLATI, BUCCELLATI WATCHES SA,**
and **PAOLO CARRION**

      **Counterclaim Defendants.**

_____/

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' COMPLIANCE WITH THIS
COURT'S JANUARY 21, 2014 ORDER COMPELLING PLAINTIFFS TO PRODUCE
<u>TRADEMARK APPLICATION DOCUMENTS</u>**

Defendants Laura Buccellati LLC, Laura Buccellati and Lillian Azel (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 26.1(h), respectfully move this Court for an order compelling plaintiffs Buccellati, Inc. and Buccellati Holding Italia SPA (collectively "Plaintiffs") to comply with this Court's discovery Order, dated

1

January 21, 2014, compelling Plaintiffs to produce documents concerning trademark applications that were prosecuted at certain times utilizing the Buccellati family name as ordered by this Court on January 21, 2014, and for such other and further relief as this Court deems just and proper.

## MEMORANDUM OF LAW

By Order, dated January 21, 2014, this Court granted Defendants' motion to compel Plaintiff's compliance with Plaintiffs' Document Requests Nos. 49, 50 and 51 (Docket No. 104). These requests seek specifically trademark applications that were prosecuted at certain times utilizing the Buccellati family name, and the documents appurtenant thereto. This Court felt that Defendants right to these documents was so apparent that, "The relevance of those documents to Defendant's defense, like the requests mentioned above, remains no matter how stale or immaterial Plaintiff claims them to be." See Docket No. 104, p. 4. Despite the Court's unequivocal Order that the documents are relevant and must be produced, Plaintiffs, to date, have failed to produce same. Accordingly, this Court must now take the additional step of sanctioning Plaintiffs for their failure to abide by its Order, and compelling them to produce that which this Court has found relevant and necessary to the defense of this action.

In their First Set of Requests for Production, Plaintiffs' interposed the following three document demands:

> 49.   All documents concerning the application for registration of the mark "Federico Buccellati, serial number 73565936, and any the [*sic*] opposition proceedings concerning such application, including but not limited to any applications, statements, affidavits, office actions, responses to office actions, stipulations, or decisions concerning such application or proceeding.
>
> 50.   All documents concerning the application for registration of the mark "Federico Buccellati, serial number 73565913, and any the

> opposition proceedings concerning such application, including but not limited to any applications, statements, affidavits, office actions, responses to office actions, stipulations, or decisions concerning such application or proceeding.
>
> 51. All documents concerning the application for registration of the mark "Mario Buccellati, serial number 77281371, and any the opposition proceedings concerning such application, including but not limited to any applications, statements, affidavits, office actions, responses to office actions, stipulations, or decisions concerning such application or proceeding.

In response Plaintiffs categorically refused to provide responsive documents. A copy of Plaintiffs' Responses to Defendants' First Set of Requests for Production are attached hereto as Exhibit "1". Thereafter, Defendants moved to compel responses.

By Order, dated January 21, 2014, this Court ordered compliance with these demands (Docket No. 104). To date, Plaintiffs have made no supplemental production.

There is no question that Plaintiffs have violated this Court's order. Whether the violation was intentional or willful is of no moment. See Fed. R. Civ. P. 37; BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045 (11th Cir. 1994) (court may impose sanctions without showing of willfulness or bad faith on the part of the disobedient party); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536 (11th Cir. 1993) (district judges have broad discretion to fashion appropriate sanctions for violations of discovery orders). What is relevant is that Plaintiffs have been, and remain, in violation of this Court's order, and have made no indication they intend to make any further production.

Further, Plaintiffs' delay in producing that which it has been ordered to produce has caused and continues to cause Defendants substantial prejudice. This case is scheduled for trial on March 24, 2013, a shade under two months from now. In the midst of trial preparation, Plaintiffs are still waiting on these critical documents, and will require time to integrate them into

its defense. Such delay has caused prejudice as both a matter of law and fact. See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045 (11th Cir. 1994) (plaintiff showed prejudice from defendant's failure to comply with discovery order resulting from the time and expense of trial preparation and where it was poised to present its case when volumes of new evidence were uncovered); Bray & Gillespie Mgmt., LLC v. Lexington Ins. Co., 607-CV-0222-ORL-35KRS, 2010 WL 55595 (M.D. Fla. Jan. 5, 2010) (defendants are prejudiced by having to counter evidence newly produced on the eve of trial).

  The documents surrounding the aforementioned trademark applications are critical to the defense of this case and a central issue to be tried before this Court in March. Discovery exchanged so far indicates appears that Buccellati family members, through separate corporate entities, objected to the registration of trademarks using the Buccellati family name, in opposition proceedings which took place in the 1980s, and in which it appears that there was a decision concerning the use of the name "Buccellati", with the Trademark and Appeal Board, and the outcome of these proceedings. Despite the Court's January 21, 2014 order, Plaintiffs have still not produced any documents whatsoever concerning these opposition proceedings. These documents relate directly to the issues of this case, namely the use of the name Buccellati, even when combined with a family member's first name. Accordingly, a monetary sanction is not itself a replacement for the actual discovery requested. This Court can, and should, fashion relief that compels Plaintiffs to produce documents due to an incomplete discovery response, and assesses monetary sanctions. See U & I Corp. v. Advanced Med. Design, Inc., 251 F.R.D. 667, 676 (M.D. Fla. 2008) (granting plaintiffs' motion to compel production of discovery after incomplete compliance with a court order; assessing monetary sanctions); U & I Corp. v. Advanced Med. Design, Inc., 251 F.R.D. 667, 676 (M.D. Fla. 2008); Devaney v. Cont'l Am. Ins.

Co., 989 F.2d 1154, 1163 (11th Cir. 1993) (granting second motion to compel and assessing monetary sanctions).

Plaintiffs have functionally tied Defendants' hands through their violation of the Court order, and continue to prejudice Defendants by withholding required documents until the actual eve of trial. It is now incumbent on this Court to enforce its own Order, dated January 21, 2014, and ensure that Defendants receive that to which they are entitled before trial, and fashioning an appropriate sanction such that Plaintiffs do not persist in their recalcitrance.

For all the foregoing reasons, defendants Laura Buccellati, LLC, Laura Buccellati and Lillian Azel respectfully request that this Court grant their motion to compel compliance with this Court's Order, dated January 21, 2014 and award the reasonable costs incurred in bringing the instant application, including attorneys' fees, as well as such other relief as this Court deems just and proper. For the Court's convenience, a proposed Order is attached to this motion as Exhibit "2".

Dated: January 30, 2014

                                        Respectfully submitted,

                                        ALBERT BORDAS, P.A.
5975 Sunset Drive
Suite 607
Miami, FL 33143
Tel. (305)669-9848
Fax. (305)669-9851
albert@bordasiplaw.com

By:   s/ Albert Bordas
       Albert Bordas
       FBN: 330222

LEONARDO G. RENAUD, P.A.
8105 N.W. 155 St.
Miami Lakes, FL 33016
LeonardoRenaud@aol.com

        Tel. (305) 818-9993
        Fax. (305)818-9997
        leonardorenaud@aol.com

By:    s/Leonardo G. Renaud
        Leonardo G. Renaud
        FBN: 958603


GALLET DREYER & BERKEY LLP
845 Third Avenue, 8th  Floor
New York, NY 10022
Tel. (212) 935-3131
Fax. (212) 935-4514

By: s/David T. Azrin
    David T. Azrin
    FBN: 0772747

## **RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), counsel for Laura Buccellati, LLC, Laura Buccellati, Lilian Azel certifies that it conferred with all the parties and non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this motion to obtain the requested documents before it filed its original motion to compel, and was unable to do so, and the documents have still not been produced despite the Court's order granting the motion to compel.

/s/ David T. Azrin
David T. Azrin

**CERTIFICATE OF SERVICE**

   **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this the 30th day of January 2014, to the following person(s) in the following manner:

**David Kenneth Friedland**
Friedland Vining, P.A.
1500 San Remo Ave.
Suite 200
Coral Gables, FL 33146
305-777-1720
305-456-4922 (fax)
dkf@friedlandvining.com
**(Via ECF)**

**Jaime Rich Vining**
Friedland Vining, P.A.
1500 San Remo Ave.
Suite 200
Coral Gables, FL 33146
305-777-1720
305-456-4922 (fax)
jaime.vining@friedlandvining.com
**(Via ECF)**

**Jami A. Gekas**
Edwards, Wildman, Palmer, LLP
225 West Wacker Drive
Chicago, IL 60606
312-201-2000
jgekas@edwardswildman.com
**(Via ECF)**

**Perla M. Kuhn**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
pkuhn@edwardswildman.com
**(Via ECF)**

**Rory J. Radding**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue

New York, NY 10022
212-308-4411
rradding@edwardswildman.com
**(Via ECF)**

**H. Straat Tenney**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
stenney@edwardswildman.com
**(Via ECF)**

**Andre K. Cizmarik**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
**acizmarik@edwardswildman.com**
**(Via ECF)**

**Barry Kramer**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
bkramer@edwardswildman.com
**(Via ECF)**

By: _/s/David T. Azrin_____
David T. Azrin