UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-cv-21297-Moore/Torres

**BUCCELLATI HOLDING ITALIA SPA**
and **BUCCELLATI, INC.**,

        Plaintiffs,

v.

**LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI,** and **LILIAN AZEL,**

        Defendants.

_____/

**LAURA BUCCELLATI, LLC,** and
**LAURA BUCCELLATI,**

        Counterclaim Plaintiffs,

v.

**BUCCELLATI HOLDING ITALIA SPA,
BUCCELLATI, INC., GIANMARIA
BUCCELLATI, BUCCELLATI WATCHES SA,**
and **PAOLO CARRION**

        Counterclaim Defendants.
_____/

DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE
FINANCIAL STATEMENTS AND CORPORATE RECORDS
<u>WHICH PLAINTIFFS PROMISED TO PRODUCE</u>

        Defendants Laura Buccellati LLC, Laura Buccellati and Lillian Azel (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26.1(h), respectfully move this Court for an order compelling plaintiffs Buccellati Inc. and Buccellati Holding Italia SpA (collectively Plaintiffs), to produce Plaintiffs' financial statements and corporate records, which Plaintiffs promised to produce, and which have still not been produced,

and granting Defendants the reasonable costs incurred in bringing the instant application, including attorney's fees, and granting such other and further relief as this Court deems just and proper.

## MEMORANDUM OF LAW

Whether intentionally or otherwise, Plaintiffs, by dragging their feet in the actual production of relevant and necessary documents, have managed to avoid producing that which is material and necessary to the defense of this action, and simultaneously, eliminating any recourse Defendants may have had against Plaintiffs for their failures to produce same. Specifically, in Plaintiffs' Responses to Defendants' First Set of Request for Production, dated October 16, 2013, Plaintiffs agreed to produce Plaintiffs' respective financial statements from 2008 to present. See Azrin Decl., Exhibit "1", p. 16, ¶29. Plaintiffs, in fact, made no such production. Again, in Plaintiffs' Responses to Defendants' Second Set of Requests, dated January 10, 2014., Plaintiffs agreed to produce their audited financial statements. See Azrin Decl., Exhibit "2", p. 18, ¶41. Plaintiffs, in fact, merely produced financial statements for plaintiff Buccellati, Inc, for the years 2008 through 2011 (but not 2012), and nothing for plaintiff Buccellati Holding Italia SPA. See Azrin Decl., Exhibit "4", ¶5.

Similarly, in Defendants First Set of Requests for Production, Defendants requested the corporate records for the Plaintiffs. See Azrin Decl., Exhibit "1", p. 11; ¶18. Plaintiffs again warranted that they would produce responsive documents. To date, no corporate records for Plaintiff Buccellati Holding Italia SpA have been produced.

These financial statements and corporate records are unquestionably relevant and material to the defense of the instant action. However, Plaintiff, by responding to the document requests at the proverbial eleventh hour, failing to actually produce the documents despite twice representing that they would do so, and by declining to meet and confer until after the discovery

deadline had passed, managed to avoid fulfilling their discovery obligations. Further, by virtue of their own inaction, they have seemingly ducked any potential sanction Plaintiffs may suffer for their recalcitrance as this Court has ordered that it will not entertain discovery motions after the discovery deadline has lapsed (Docket No. 118).

In essence, Plaintiffs are now being rewarded for their inaction and misrepresentations, and Defendants punished for relying on the representations of opposing counsel. This unjust outcome cannot be that which was intended by this Court. Plaintiffs have had several months to produce documents, and have repeatedly evinced their intent to do so. Plaintiffs should be held to their representations, and not be allowed to hide behind the veil of their inaction. In light of the fact that Defendants have been misled over the past several months, and the fact that this motion is being brought promptly following the discovery deadline, and involves timely interposed discovery demands, this Court should consider, and grant Defendants motion for an order compelling the production of the Plaintiffs' financial statements and corporate records, and granting Defendants their reasonable costs, disbursements and attorneys' fees incurred in brining the instant application.

I.     BACKGROUND

As set forth in the attached Declaration of David T. Azrin, dated February 1, 2014, on Defendant's First Set of Requests for Production contains the following demand:

> 29.    All income statements, profit and loss statements, and balance sheets for each of the Plaintiffs for the past ten years.

See Azrin Decl., Exhibit "1", p. 18, ¶29. By way of response, Plaintiffs stated:

> In addition to its General Objections, which are incorporated herein by reference, Buccellati objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, including without limitation because it is not reasonably limited in time or scope. Buccellati will not produce documents earlier than 2008. Buccellati further objects to this Request on the grounds that it is intended solely

3

for purposes of harassment, and to the extent that it is premature, because it seeks documents relevant to calculating damages. Subject to and without waiver of or prejudice to its asserted objections, Buccellati will produce any non-privileged, relevant, responsive documents in its possession, custody and control, in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure, once a suitable protective order is in place.

See Azrin Decl., Exhibit "1", p. 18, ¶29.  See Azrin Decl., ¶5.

Defendant's First Set of Requests for Production also contained the following demands, and Plaintiffs provided the following responses:

> 19.  Documents sufficient to identify the owners of each Plaintiff, the percentage ownership interest, and the dates of each such person's ownership.
>
> RESPONSE: In addition to its General Objections, which are incorporated herein by reference, Buccellati objects to this Request as vague and ambiguous. Buccellati further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Buccellati further objects to this Request as duplicative of Request No. 18. Subject to and without waiver of or prejudice to its asserted objections, and to the extent that it understands this Request, Buccellati will produce any nonprivileged, relevant, responsive documents in its possession, custody and control that can be located after a reasonable search.
>
> 20. Documents sufficient to identify each of the directors of each Plaintiff, the dates each such person served as a director.
>
> RESPONSE: In addition to its General Objections, which are incorporated herein by reference, Buccellati objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Buccellati further objects to this Request as duplicative of Request No. 18. Subject to and without waiver of or prejudice to its asserted objections Buccellati will produce any non-privileged, relevant, responsive documents in its possession, custody and control that can be located after a reasonable search.

See Azrin Decl., Exhibit "1", p. 11; ¶ 18.

On or about December 11, 2013, Defendants served their Second Set of Requests for Production.  In said Requests, Defendant demanded, "41.  All of Plaintiffs' audited financial statements and drafts of audited financial statements from 2011 to current."  See Azrin Decl., Exhibit "2", p. 16, ¶29.  In their response, dated January 10, 2014, Plaintiffs wrote:

> RESPONSE: In addition to its General Objections, which are incorporated herein by reference, Buccellati objects to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of or prejudice to its stated objections, Buccellati will produce any relevant, responsive, non-privileged documents in its possession, custody or control that can be located after a reasonable search.

Defendants did not receive any actual documents until January 13, 2014, and due to technical issues on Plaintiffs' behalf, could not access the documents until January 15, 2014.  See Azrin Decl., ¶5; Exhibit "3".   When Defendants were able to finally access the documents, all that was produced was the financial statements for plaintiff Buccellati, Inc. for years 2008 through 2011. Nothing was produced for plaintiff Buccellati Holding Italia SPA.  See Azrin Decl., ¶5.

**II.     ARGUMENT**

It is beyond cavil that Plaintiffs' financial statements and corporate records are relevant and discoverable under the broad rules controlling discovery.  Rule 26(b) discovery is broad, and allows parties to obtain discovery regarding any non-privileged matter that is relevant to the claims involved in a pending action. See Hickman v. Taylor, 329 U.S. 495, 507–08 (1947); Farnsworth v. Procter and Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Relevance, under Rule 26, is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978).

The Plaintiffs' audited financial statements are unquestionably relevant because they may contain information about the channels of distribution, pricing, geographic location of sales,

5

types of products which have been sold, advertising efforts and advertising expenses, and statements in the notes to the financial statements about the claims by Laura Buccellati. Further, such material would define the scope of Plaintiffs' alleged damages, or lack thereof, by demonstrating revenues during time and in the locale(s) of the alleged infringement. Plaintiffs are likely to, if not required to, introduce such evidence during the impending trial of this matter.

Similarly, corporate records would indicate, among other things, who makes or has made decisions relating to issues concerning product selection and branding, and the extent to which the companies have been and are owned and controlled by Gianmaria Buccellati and the members of the immediate family of Gianmaria Buccellati, the name associated with the Plaintiff entities, all of which are issues in this case.

In considering the instant motion, this Court should not deny same simply because it is brought after the discovery deadline. Prior cases have indicated that, "Neither the Federal Rules of Civil Procedure nor this District's Local Rules expressly prohibit the filing of a motion to compel after the discovery deadline." Chen v. Cayman Arts, Inc., 10-80236-CIV, 2011 WL 2491009 (S.D. Fla. June 22, 2011). Instead, in determining whether to hear an untimely motion to compel, this Court may consider, "the danger of prejudice to respondent; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of movant; and whether movant acted in good faith, with primary importance accorded to absence of prejudice to respondent and the interests of judicial administration." In re BankAtlantic BanCorp, Inc., 07-61542-CIV, 2010 WL 3294342 (S.D. Fla. Aug. 20, 2010) (citing Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir.1996)); see also Kearney Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. United States, 2:10-CV-153-FTM-99, 2012 WL 5906895 (M.D. Fla. Nov. 26, 2012) (a court is clearly not required to deny a motion to compel as untimely).

6

In the instant matter, the delay in bringing the instant motion is a classic fallacy of trust. Defendants twice relied on the representations of Plaintiffs that documents responsive to the demands at issue were coming. Plaintiffs can hardly claim prejudice given their own representations that the documents would be produced, and the months of advanced notice. Further, Defendants acted with unimpeachable good faith in attempting to meet and confer before making this motion. It was the recalcitrance of the Plaintiffs that pushed such a meeting beyond the discovery deadline. See Azrin Decl, ¶4, Exhibit "3". Defendants come before the Court here, not because of their inaction, but because of their reliance on Plaintiff's representations. Defendants should not be punished for their aggressive attempts at resolving these issues before seeking Court intervention. Further, trial is currently scheduled for March 24, 2014. There is no reason why the demanded discovery cannot be produced in short order, and the trial date maintained. Accordingly, there is no risk of prejudice to the Court by considering, and ultimately granting, Defendant's motion.

The foregoing factors clearly militate in favor of resolving this issue on the merits. With regard to the merits, an order compelling discovery is patently warranted given Plaintiffs' incomplete responses to the reasonable and timely discovery demands of the Defendants. See Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 617 (5th Cir. 1977) (an evasive or incomplete discovery response is equated with failure to answer, and serves as both a waiver of objections and grounds for an order compelling discovery). As Plaintiffs have already agreed to produce the documents requested, they cannot now raise reasonable objections in response. Accordingly, this Court should grant the instant motion to compel to complete the discovery that was initiated well in advance of the discovery deadline, and give all the parties the opportunity to fully prepare for the impending trial.

**III.     CONCLUSION**

For all the foregoing reasons, defendants Laura Buccellati, LLC, Laura Buccellati and Lillian Azel respectfully request that this Court grant their motion to compel, and award the reasonable costs incurred in bringing the instant application, including attorneys' fees, as well as such other relief as this Court deems just and proper.    For the Court's convenience, a proposed Order is attached to the Azrin Declaration as Exhibit "5".

Dated: January 31, 2014

Respectfully submitted,

ALBERT BORDAS, P.A.
5975 Sunset Drive
Suite 607
Miami, FL 33143
Tel. (305)669-9848
Fax. (305)669-9851
albert@bordasiplaw.com

By:   s/ Albert Bordas
      Albert Bordas
      FBN: 330222

LEONARDO G. RENAUD, P.A.
8105 N.W. 155 St.
Miami Lakes, FL 33016
LeonardoRenaud@aol.com
Tel. (305) 818-9993
Fax. (305)818-9997
leonardorenaud@aol.com

By:   s/Leonardo G. Renaud
      Leonardo G. Renaud
      FBN: 958603

GALLET DREYER & BERKEY LLP
845 Third Avenue, 8th  Floor
New York, NY 10022
Tel. (212) 935-3131
Fax. (212) 935-4514

By: s/David T. Azrin
    David T. Azrin
    FBN: 0772747

8

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Laura Buccellati, LLC, Laura Buccellati, Lilian Azel certifies that it has conferred with all the parties and non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been able to do so.

/s/ David T. Azrin
David T. Azrin

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this the 31st day of January 2014, to the following person(s) in the following manner:

**David Kenneth Friedland**
Friedland Vining, P.A.
1500 San Remo Ave.
Suite 200
Coral Gables, FL 33146
305-777-1720
305-456-4922 (fax)
dkf@friedlandvining.com
**(Via ECF)**

**Jaime Rich Vining**
Friedland Vining, P.A.
1500 San Remo Ave.
Suite 200
Coral Gables, FL 33146
305-777-1720
305-456-4922 (fax)
jaime.vining@friedlandvining.com
**(Via ECF)**

**Jami A. Gekas**
Edwards, Wildman, Palmer, LLP
225 West Wacker Drive
Chicago, IL 60606
312-201-2000
jgekas@edwardswildman.com
**(Via ECF)**

**Perla M. Kuhn**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
pkuhn@edwardswildman.com
**(Via ECF)**

**Rory J. Radding**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411

rradding@edwardswildman.com
**(Via ECF)**

**H. Straat Tenney**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
stenney@edwardswildman.com
**(Via ECF)**

**Andre K. Cizmarik**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
**acizmarik@edwardswildman.com**
**(Via ECF)**

**Barry Kramer**
Edwards, Wildman, Palmer, LLP
750 Lexington Avenue
New York, NY 10022
212-308-4411
bkramer@edwardswildman.com
**(Via ECF)**

By: _/s/David T. Azrin_____
    David T. Azrin