UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-cv-21297-Moore/Torres

BUCCELLATI HOLDING ITALIA SPA
and **BUCCELLATI, INC.**,

      Plaintiffs,

v.

**LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI,** and **LILIAN AZEL,**

      Defendants.

_____/

**LAURA BUCCELLATI, LLC,** and
**LAURA BUCCELLATI,**

      Counterclaim Plaintiffs,

v.

**BUCCELLATI HOLDING ITALIA SPA,
BUCCELLATI, INC., GIANMARIA
BUCCELLATI, BUCCELLATI WATCHES SA,**
and **PAOLO CARRION**

      Counterclaim Defendants.
_____/

**DECLARATION OF DAVID T. AZRIN IN SUPPORT OF DEFENDANTS' MOTION TO
COMPEL PLAINTIFFS TO PRODUCE FINANCIAL STATEMENTS AND
<u>CORPORATE RECORDS WHICH PLAINTIFFS PROMISED TO PRODUCE</u>**

I, David T. Azrin, declare,

1. I am co-counsel for defendants Laura Buccellati, LLC, Laura Buccellati, and Lilian Azel ("Defendants"). I make this declaration in support of Defendants' motion for an ordering compelling plaintiffs Buccellati, Inc. and Buccellati Holding Italia, SPA ("Plaintiffs") to produce the financial statements and corporate records requested in Defendants' First and Second Set of Requests for Production, which Plaintiffs agreed to produce, but have still not produced, and granting Defendants their reasonable costs, disbursements, and attorney's fees incurred in making the instant motion.

2. Attached as Exhibit "1" hereto is Plaintiffs' Responses to Defendants' First Set of Requests for Production, dated October 16, 2013, which sets forth the requests and responses.

3. Attached as Exhibit "2" hereto is Plaintiffs' Responses to Defendants' Second Set of Requests for Production, dated January 10, 2014, which sets forth the requests and responses.

4. On January 12, 2013, Defendants notified Plaintiffs that their discovery response was incomplete, and that certain categories of documents, including financial statements and organizational documents had still not been produced despite Plaintiffs' representations that same were forthcoming. Defendants requested that Plaintiffs meet and confer with regard to Plaintiffs' deficient production. A copy of the email correspondence between Plaintiffs and Defendants, beginning on January 12, 2014, is attached hereto as Exhibit "3". As indicated by the correspondence, Plaintiffs refused to meet and confer until after the discovery deadline had elapsed.

5. For the first time on January 13, 2014, Plaintiffs produced any actual documents responsive to Defendants' requests for Plaintiffs' financial statements. Attached as Exhibit "4" is the transmittal email from Plaintiffs, dated January 13, 2014. (Due to technical difficulties on

Plaintiffs' behalf, Defendants were not able to open the documents until days later). Plaintiffs provided financial statements for plaintiff Buccellati, Inc. for the years 2008 to 2011, but not 2012, and did not provide any financial statements for Buccellati Holding Italia SpA. With regard to corporate records, although Plaintiffs finally provided corporate records for Buccellati Inc., Plaintiffs still did not provide any corporate records for Buccellati Holding Italia SpA.

6. On January 16, 2014, after receiving and reviewing the documents produced on January 13, 2014, undersigned conducted a telephone call with Plaintiffs' counsel, Jami Gekas, Esq., and discussed the issues raised here. Ms. Gekas noncommittally stated that she would search for further documents. No further documents have been produced to date. Accordingly, pursuant to Local Rule 7.1(a)(3) of the Southern District of Florida, the parties affected by this motion have made a reasonable and good faith effort to confer to resolve the issues raised in the instant motion prior to filing same, but have not made further progress.

7. For the Court's convenience, a proposed Order is attached hereto as <u>Exhibit "5"</u>.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 31, 2014

                                                                                           /s/David T. Azrin
                                                                                           **David T. Azrin**