**David T. Azrin**

| | |
|---|---|
| **From:** | David T. Azrin |
| **Sent:** | Monday, January 13, 2014 4:07 PM |
| **To:** | Gekas, Jami; Tenney, H. Straat |
| **Cc:** | Kuhn, Perla; Radding, Rory; albert@bordasiplaw.com; leonardorenaud@aol.com; 'David Friedland (dkf@friedlandvining.com)'; David T. Azrin |
| **Subject:** | RE: Buccellati, Inc., et al. v. Laura Buccellati, LLC, et al. [ED-01.FID1558008] |

Jami –

The documents which you agreed to produce in response to our second set of document requests should have been produced on the due date, namely Friday, January 10, 2014, and before the Rule 30(b)(6) deposition, but have still not been produced, despite our request.

We do not agree with your position concerning the unexcused failure by Gianmaria Buccellati, Paolo Carrion, and Buccellati Watches, S.A. to even respond to the discovery requests, which were served upon you as their counsel.

As we indicated yesterday, because discovery ends today, we believe we should discuss the discovery responses today, but given that you indicated you are not available, then you give us no choice but to wait until the time when you have proposed, Thursday, January 16, 2014, and we will plan to discuss the outstanding issues then.

David T. Azrin, Esq.
Gallet Dreyer & Berkey LLP
845 Third Avenue, 8th Floor
New York, NY 10022
(212) 935-3131
www.gdblaw.com

**From:** Gekas, Jami [mailto:JGekas@edwardswildman.com]
**Sent:** Monday, January 13, 2014 12:46 AM
**To:** David T. Azrin; Tenney, H. Straat
**Cc:** Kuhn, Perla; Radding, Rory; albert@bordasiplaw.com; leonardorenaud@aol.com; 'David Friedland (dkf@friedlandvining.com)'
**Subject:** RE: Buccellati, Inc., et al. v. Laura Buccellati, LLC, et al. [ED-01.FID1558008]

Dear David,

I write in response to your email below. I wanted to respond as quickly as possible in light of the close of discovery tomorrow (Monday, January 13).

As an initial matter, I note that the parties long ago agreed to exchange discovery materials electronically, and therefore, service of our written discovery responses by email on Friday was proper. Furthermore, although our responses were served after normal business hours, that should not have been a surprise to you -- it was necessary for me to review and approve them before they could be served, and as you know, I was detained at your offices until after 6 p.m. for the

1

corporate deposition of Plaintiff BHI. Therefore, I assume you noted the dates of service and time/day/manner of our response below for informational purposes only.

Next, we are of course amenable to meet and confer on discovery matters, but not surprisingly, we are not available to do so on less than 24 hours' notice, and therefore, we cannot accommodate your request to schedule a call on Monday, January 13 due to prior obligations. Moreover, in the interests of efficiency, we feel it would be best to hold one "global" meet and confer session to address all outstanding discovery issues, rather than address the parties' discovery issues piecemeal. As Defendants' responses to Buccellati's final sets of discovery requests are due on January 13, we suggest holding a meet and confer on all discovery issues later in the week once we have had a chance to review your written responses and production. We also have a number of issues with your prior responses/production and intend to address those at the same time (again, in the interests of efficiency). I am presently scheduled to speak with your colleague Mr. Renaud regarding deposition matters on Thursday, January 16 at 2 pm ET; I suggest we schedule our global meet-and-confer call thereafter, at 4 pm ET. Please let me know if you are available at that time. (Note that although discovery "closes" on January 13, we did not understand that deadline to limit motions to address discovery deficiencies and therefore do not feel it is a problem to meet and confer after the "deadline." But please let us know if you have concerns on this point.)

With regard to your three numbered issues below, please note:

1.) As you know, we have moved to dismiss all three of the European counter-defendants for, inter alia, lack of personal jurisdiction. Unless and until Judge Moore rules that there is personal jurisdiction over these parties (despite our motion to dismiss, you have made no application to the court for special discovery on personal jurisdiction grounds), no written response to your discovery requests is due. Nonetheless, in an effort to be cooperative, we confirm that had the three European Counter-Defendants responded to the Second Set of Document Requests, their responses would have been identical to Buccellati's. In addition, and as I am sure you noted from Buccellati's responses, Buccellati agreed to produce certain information relevant to these parties.
2.) We will of course provide the documents we agreed to produce.
3.) Regarding the identified requests, we should meet and confer. In light of Buccellati's objections, please be prepared to provide the basis for the relevance of the documents sought by these requests when we meet and confer.

With regard to the deposition of Maria Buccellati, as discussed in person on January 10, neither she nor we will be appearing on January 13 for your improperly noticed deposition. As I promised you when we spoke in person, I will provide you a detailed list of our objections to your deposition notice under separate cover.

Jami

---

**From:** David T. Azrin [mailto:dta@gdblaw.com]
**Sent:** Sunday, January 12, 2014 5:14 PM
**To:** Tenney, H. Straat; Gekas, Jami
**Cc:** Kuhn, Perla; Radding, Rory; albert@bordasiplaw.com; leonardorenaud@aol.com; 'David Friedland (dkf@friedlandvining.com)'; David T. Azrin
**Subject:** RE: Buccellati, Inc., et al. v. Laura Buccellati, LLC, et al. [ED-01.FID1558008]

Dear counsel:

We have reviewed your Responses to Defendants' Second Set of Documents Requests, which you served by email, at 7:35 p.m. on Friday, January 10, 2014, without any documents. (The Second Set of Document Requests to Buccellati Holding Italia SpA, Buccellati, Inc., Gianmaria Buccellati, Buccellati Watches SA, and Paolo Carrion, was served by hand delivery and email on December 11, 2013).

We would like to schedule a time tomorrow, Monday, January 13, 2014, to discuss your responses and objections in order to attempt to resolve the following issues, prior to filing a motion to compel.

1. You did not serve responses on behalf of Counterclaim Defendants Gianmaria Buccellati, Buccellati Watches SA, and Paolo Carrion. Because you did not serve any response or objections on behalf of those Counterclaim Defendants in a timely manner, we consider their objections to have been waived, and we request a complete response to all of the requests by these parties.

2.      With respect to documents which you agreed to produce, you did not produce any documents with your response.  We request that you provide the documents which you agreed to produce in your responses.

3.      You objected and refused to produce any documents in response to Request Numbers 14, 15, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 43, 44, 48, 49, 50, 51, 52, 53, 54, 55, and 56, based upon objections which were without merit.

Because the discovery period ends tomorrow, Monday, January 13, 2014, we request a call  tomorrow, Monday, January 13, 2014 to review and discuss these issues to attempt to resolve these issues without  the necessity of seeking judicial intervention, and to determine if you will reconsider and withdraw your objection.   Please advise when we can talk tomorrow.

In addition, with respect to the deposition of Maria Buccellati (Andrea Buccellati's wife), we reiterate, as Mr. Bordas previously wrote to you, we expect her compliance with the subpoena and her attendance at the deposition tomorrow, Monday, January 13, 2014.

David T. Azrin, Esq.
Gallet Dreyer & Berkey LLP
845 Third Avenue, 8th Floor
New York, NY 10022
(212) 935-3131
www.gdblaw.com

---

**From:** Tenney, H. Straat [mailto:STenney@edwardswildman.com]
**Sent:** Friday, January 10, 2014 7:35 PM
**To:** albert@bordasiplaw.com; David T. Azrin; leonardorenaud@aol.com
**Cc:** Kuhn, Perla; Gekas, Jami; Radding, Rory
**Subject:** Buccellati, Inc., et al. v. Laura Buccellati, LLC, et al. [ED-01.FID1558008]

Counsel:

Attached please find Plaintiffs' Responses to Defendants' Second Set of Requests for Production.

Best regards,
Straat


**H. Straat Tenney**

Edwards Wildman Palmer LLP
750 Lexington Avenue
New York, New York 10022

Direct: + 1 212 912 2915
Fax: + 1 888 325 9217
Main: + 1 212 308 4411

www.edwardswildman.com



_____

Edwards Wildman Palmer LLP has offices in Boston, Chicago, Hartford, Hong Kong, Istanbul, London, Los Angeles, Miami, Morristown NJ, New York, Orange County, Providence, Stamford, Tokyo, Washington DC and West Palm Beach. For more information visit edwardswildman.com.

CONFIDENTIALITY NOTICE

This e-mail message from Edwards Wildman Palmer LLP, Edwards Wildman Palmer UK LLP, Edwards Wildman Palmer, a Hong Kong firm of solicitors, and Edwards Wildman Danismanlik Hizmetleri Avukatlik Ortakligi, a registered foreign attorney partnership, is intended only for the individual or entity to which it is addressed. This e-mail may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this e-mail by accident, please notify the sender immediately and destroy this e-mail and all copies of it. We take steps to protect against viruses but advise you to carry out your own checks and precautions as we accept no liability for any which remain. We may monitor emails sent to and from our server(s) to ensure regulatory compliance to protect our clients and business. Edwards Wildman Palmer UK LLP is a limited liability partnership registered in England (registered number OC333092) and is authorised and regulated by the Solicitors Regulation Authority (SRA) and operates an SRA standard complaints procedure ([see here](#)). A list of members' names and their professional qualifications may be inspected at our registered office, Dashwood, 69 Old Broad Street, London EC2M 1QS, UK, telephone +44 207 583 4055.

Disclosure Under U.S. IRS Circular 230: Edwards Wildman Palmer LLP informs you that any tax advice contained in this communication, including any attachments, was not intended or written to be used, and cannot be used, for the purpose of avoiding federal tax related penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
Confidentiality Notice: This e-mail message (and any attachments hereto) is intended only for the use of the named recipient(s) and may contain legally privileged attorney-client information and/or confidential or proprietary information, and/or may contain attorney work product, that is exempt from disclosure under applicable law. If you have received this message in error or you are not the named recipient(s), you may not review, disseminate, distribute or copy this message (or any attachments hereto) and we request that you please immediately notify the sender by reply e-mail and delete this e-mail message and any attachments from your computer. Thank you.