UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-21297-KMM-Moore/Torres

**BUCCELLATI HOLDING ITALIA SPA**
and **BUCCELLATI, INC.**,

        Plaintiffs,

v.

**LAURA BUCCELLATI, LLC, LAURA BUCCELLATI**, and **LILIAN AZEL**,

        Defendants.
_____/

**LAURA BUCCELLATI, LLC, LAURA BUCCELLATI,**

        Counter-Plaintiffs.

v.

**BUCCELLATI HOLDING ITALIA SPA**, **BUCCELLATI, INC.**, and **BUCCELLATI WATCHES SA**,

        Counter-Defendants
_____/

**COUNTER-DEFENDANT BUCCELLATI WATCHES SA's
ANSWER TO COUNTER-PLAINTIFFS' COUNTERCLAIMS**

Counter-Defendant Buccellati Watches SA ("Buccellati Watches"), by its undersigned counsel, hereby answers the amended counterclaims (*see* ECF Nos. 16 and 99), filed by Laura Buccellati, LLC and Laura Buccellati (collectively, "Counter-Plaintiffs") as follows.

1

1. Denied.

2. Buccellati Watches is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

3. Buccellati Watches is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

4. Admitted.

5. Admitted.

6. Buccellati Watches denies that the allegations set forth in this paragraph are relevant to this proceeding. To the extent that a response is required, Buccellati Watches admits that Gianmaria Buccellati resides in Italy. Buccellati Watches denies the remaining allegations set forth in this paragraph.[1]

7. Admitted.

8. Buccellati Watches denies that the allegations set forth in this paragraph are relevant to this proceeding. To the extent that a response is required, Buccellati Watches admits that Paolo Carrion is the Chief Executive Officer of Buccellati Watches SA and that he resides in Switzerland. Buccellati Watches denies the remaining allegations set forth in this paragraph.

9. The allegations contained in this paragraph state a legal conclusion to which no response is required. To the extent that a response is required, Buccellati Watches denies that Counter-Plaintiffs have properly stated any claim, and further denies the remaining allegations set forth in this paragraph.

---

[1] Buccellati Watches objects to Counter-Plaintiffs amended counterclaims to the extent that Paolo Carrion and Gianmaria Buccellati are identified as "Counterclaim Defendants." The Court granted Messrs. Carrion and Buccellati's motion to dismiss the counterclaims because the Court lacks jurisdiction over these individuals. Messrs. Carrion and Buccellati are therefore not "Counterclaim Defendants." (ECF No. 119 at 11.)

10. Buccellati Watches admits that Mario Buccellati opened his first store in or about 1919 in Italy, and in or about 1951 opened a store in the United States. Buccellati Watches further admits that Mario Buccellati had five sons. Buccellati Watches is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies same.

11. Buccellati Watches admits that Mario Buccellati passed away in or about 1967. Buccellati Watches denies the remaining allegations set forth in this paragraph.

12. Buccellati Watches admits that Buccellati Holding Italia SpA's ("BHI") predecessor owned an interest in the U.S. entity Mario Buccellati, Inc. Buccellati Watches is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies same.

13. Denied.

14. Buccellati Watches admits that there were, at one time, stores in Italy run by the children of Mario Buccellati. Buccellati Watches denies that Lorenzo Buccellati and Frederico Buccellati, or their kin, ever operated stores in the U.S., and further denies that the allegations set forth in this paragraph are relevant to this proceeding. Buccellati Watches denies the remaining allegations set forth in this paragraph.

15. Denied.

16. Buccellati Watches admits that Luca Buccellati passed away in or about 1985. Buccellati further admits that the family of Frederico Buccellati operates a business in Italy, and that they have never operated a store in the U.S. Buccellati Watches denies the remaining allegations set forth in this paragraph.

17. Buccellati Watches states that Exhibits C1 and C2 speak for themselves. Buccellati Watches admits that the phrase "Gianmaria Buccellati shop" appears once on BHI's website. Buccellati Watches denies the remaining allegations set forth in this paragraph.

18. Buccellati Watches admits that, according to the United States Patent and Trademark Office ("USPTO") records, a trademark application for MARIO BUCCELLATI was filed in 1967 in the name of Mario Buccellati, Inc. Buccellati Watches denies the remaining allegations set forth in this paragraph.

19. Buccellati Watches admits that Luca Buccellati had two children, counter-plaintiff Laura Buccellati and Mario Buccellati II. Buccellati Watches is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies same.

20. Buccellati Watches admits that the estate of Luca Buccellati sold shares in Buccellati, Inc. to BHI. Buccellati Watches denies that counter-plaintiff Laura Buccellati had any "rights to the use of her own full name" to sell, and further denies the remaining allegations set forth in this paragraph.

21. Buccellati Watches admits that it owns the trademark MARIO BUCCELLATI and is currently using the mark in commerce in the U.S. Buccellati Watches denies the remaining allegations set forth in this paragraph.

22. Denied.

23. Buccellati Watches admits that BHI has manufactured and sold, and continues to manufacture and sell, purses and handbags in the U.S. Buccellati Watches denies the remaining allegations set forth in this paragraph.

24. Denied.

25. Buccellati Watches is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, denies the same.

26. Denied.

27. Buccellati Watches states that Exhibit F speaks for itself. Buccellati Watches is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, denies the same.

28. Buccellati Watches states that Exhibit G and Application Serial No. 77/281,335 (the "'335 Application") speak for themselves. Buccellati Watches denies the remaining allegations set forth in this paragraph.

29. Denied.

30. Buccellati Watches states that the '335 Application speaks for itself. Buccellati Watches denies the remaining allegations set forth in this paragraph.

31. Buccellati Watches states that the '335 Application speaks for itself. Buccellati Watches denies the remaining allegations set forth in this paragraph.

32. Buccellati Watches admits that BHI has used the trademark BUCCELLATI in connection with leather goods. Buccellati Watches further admits that BHI has yet to use the trademark BUCCELLATI in connection with hair care products, soaps, textile products, and footwear in the U.S. Buccellati Watches denies the remaining allegations set forth in this paragraph.

33. Denied.

34. Denied.

35. Buccellati Watches denies that the allegations set forth in this paragraph are relevant to this proceeding. To the extent that a response is required, Buccellati Watches states

that Exhibit I speaks for itself. Buccellati Watches denies the remaining allegations set forth in this paragraph.

36. Buccellati Watches denies that the allegations set forth in this paragraph are relevant to this proceeding. To the extent that a response is required, Buccellati Watches states that Exhibit J speaks for itself. Buccellati Watches denies the remaining allegations set forth in this paragraph.

37. Buccellati Watches denies that the allegations set forth in this paragraph are relevant to this proceeding. To the extent that a response is required, Buccellati Watches admits that in October 2009 U.S. Registration No. 3,694,700 for the trademark MARIO BUCCELLATI issued, covering goods and services in International Classes 16, 20, 21, and 35 (the "'700 Registration"). Buccellati Watches denies the remaining allegations set forth in this paragraph.

38. Buccellati Watches admits that in January 2010 counter-plaintiff Laura Buccellati, LLC ("LBL") commenced an opposition against the '335 Application. Buccellati Watches is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, denies the same.

39. Buccellati Watches admits that the Trademark Trial and Appeal Board ("TTAB") granted in part and denied in part BHI's motion to dismiss LBL's opposition. Buccellati Watches denies the remaining allegations set forth in this paragraph.

40. Buccellati Watches states that Exhibits M1 and M2 speak for themselves. Buccellati Watches denies the remaining allegations set forth in this paragraph.

41. Buccellati Watches admits that LBL produced an affidavit from Mario Buccellati II, which speaks for itself. Buccellati Watches denies the remaining allegations set forth in this paragraph.

42. Denied.

43. Buccellati Watches admits that BHI and Buccellati, Inc. brought a lawsuit against Laura Buccellati, LLC, Laura Buccellati, and Lilian Azel in the Southern District of New York, Case No. 11-CV-7268, alleging, *inter alia,* trademark infringement. Buccellati Watches denies the remaining allegations set forth in this paragraph.

44. Denied.

45. Denied.

46. Buccellati Watches admits that BHI and Buccellati, Inc. (collectively, "Buccellati") brought a lawsuit against Laura Buccellati, LLC, Laura Buccellati, and Lilian Azel in the Southern District of New York, Case No. 11-CV-7268, alleging, *inter alia,* trademark infringement, filed on October 14, 2011. Buccellati Watches denies the remaining allegations set forth in this paragraph.

47. Buccellati Watches states that Exhibit P speaks for itself. Buccellati Watches denies the remaining allegations set forth in this paragraph.

48. Denied.

49. Buccellati Watches admits that Counter-Plaintiffs purport to quote 28 U.S.C. § 2201(a). Buccellati Watches denies the remaining allegations set forth in this paragraph.

50. Buccellati Watches admits that Counter-Plaintiffs purport to quote 28 U.S.C. § 2202. Buccellati Watches denies the remaining allegations set forth in this paragraph.

51. The allegations contained in this paragraph state a legal conclusion to which no response it required. To the extent that a response is required, Buccellati Watches denies the allegations set forth in this paragraph.

52. The allegations contained in this paragraph state a legal conclusion to which no response it required. To the extent that a response is required, Buccellati Watches denies the allegations set forth in this paragraph.

53. The allegations contained in this paragraph state a legal conclusion to which no response it required. To the extent that a response is required, Buccellati Watches denies the allegations set forth in this paragraph.

54. Buccellati Watches admits that Counter-Plaintiffs purport to quote 15 U.S.C. § 1120. Buccellati Watches denies the remaining allegations set forth in this paragraph.

55. Buccellati Watches incorporates all preceding paragraphs as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Buccellati Watches admits that the counter-plaintiff LBL purports to own Application Serial No. 77/430,142 (the "'142 Application") and that this application is currently suspended. Buccellati Watches denies the remaining allegations set forth in this paragraph.

61. Buccellati Watches admits that Buccellati brought this suit against Counter-Plaintiffs seeking injunctive relief and damages for acts of trademark infringement, false designation of origin, and unfair competition because Counter-Plaintiffs were engaged in designing and selling products under the LAURA BUCCELLATI trademark. Buccellati Watches denies the remaining allegations set forth in this paragraph.

62. Denied.

63. Denied.

64. Buccellati Watches incorporates all preceding paragraphs as if fully set forth herein.

65. Buccellati Watches denies that the allegations set forth in this paragraph are relevant to this proceeding. To the extent that a response is required, Buccellati Watches states that Exhibit I speaks for itself. Buccellati Watches denies the remaining allegations set forth in this paragraph.

66. Buccellati Watches denies that the allegations set forth in this paragraph are relevant to this proceeding. To the extent that a response is required, Buccellati Watches states that Exhibit J speaks for itself. Buccellati Watches denies the remaining allegations set forth in this paragraph.

67. Buccellati Watches denies that the allegations set forth in this paragraph are relevant to this proceeding. To the extent that a response is required, Buccellati Watches denies that it made any fraudulent misrepresentations. The remaining allegations contained in this paragraph state a legal conclusion to which no response it required. To the extent that a response is required, Buccellati Watches denies the remaining allegations set forth in this paragraph.

68. Buccellati Watches denies that the allegations set forth in this paragraph are relevant to this proceeding. To the extent that a response is required, Buccellati Watches admits that in October 2009 the '700 Registration for the trademark MARIO BUCCELLATI issued, covering goods and services in International Classes 16, 20, 21, and 35. Buccellati Watches denies the remaining allegations set forth in this paragraph.

69. Denied.

70. Buccellati Watches admits that BHI filed the '335 Application in September 2007, in connection with goods and services in International Classes 3, 8, 9, 16, 18, 20, 21, 24, 25, 34, and 35. Buccellati Watches denies the remaining allegations set forth in this paragraph.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Buccellati Watches states that the '142 Application and Exhibit F speak for themselves. Buccellati Watches is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, denies the same.

77. Buccellati Watches admits that, according to the USPTO records, a Notice of Suspension was issued for the '142 Application, based on the previously filed '335 Application for BUCCELLATI, in the name of BHI. Buccellati Watches also admits that BHI filed a trademark application for BUCCELLATI prior to Counter-Plaintiffs' filing the '142 Application. Buccellati denies the remaining allegations set forth in this paragraph.

78. Denied.

79. The allegations contained in this paragraph state a legal conclusion to which no response it required. To the extent that a response is required, Buccellati Watches denies the allegations set forth in this paragraph.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

This Court has no personal jurisdiction over Buccellati Watches, and therefore Counter-Plaintiffs' counterclaim must fail. Buccellati Watches is located in Switzerland, sells its products that are destined for the U.S. market only to Buccellati, Inc., a New York-based company. Buccellati, Inc. is not a subsidiary of, nor is it owned, controlled, or influenced by Buccellati Watches. Buccellati Watches sells products to Buccellati, Inc., which imports them, pays duties on them, and clears them through U.S. Customs before depositing them at its facility in New York. Buccellati, Inc. then distributes and sells the products purchased from Buccellati Watches throughout the United States. Buccellati Watches does not sell or distribute any goods or services in Florida, nor does it operate, conduct, engage in, or carry on any other business venture within Florida. It is not registered to do business in Florida. It does not send salesmen into Florida, nor does it solicit sales in Florida. Buccellati Watches maintains no property nor conducts any other business in the U.S. Moreover, it does not have an office, agency, employees, real property, or bank accounts in Florida. Buccellati Watches' only business activities in the United States take place in New York. Buccellati Watches has not conducted any activity, much less committed any tortious act within Florida. Buccellati Watches never engaged in any negotiations, nor entered any contracts, with LBL. Nor did it engage in any negotiations or enter any contracts with Laura Buccellati or Lilian Azel, LBL's co-owners. Because Buccellati Watches has no business activities or any contacts whatsoever in Florida, this Court cannot assert jurisdiction against Buccellati Watches.

**Second Affirmative Defense**

Counter-Plaintiffs' purported claim against Buccellati Watches is barred in whole or in part as a result of Counter-Plaintiffs' bad faith and unclean hands. With full knowledge of Buccellati's prior rights and valid and subsisting trademark registrations, and with actual notice of Buccellati's objections, Counter-Plaintiffs nonetheless adopted and used in commerce a confusingly similar trademark, namely LAURA BUCCELLATI. In addition, Counter-Plaintiffs have encouraged consumer confusion through, *inter alia*, the use of jewel-themed taglines and repeated references to Buccellati and its original founders in promotional materials and interviews. Counter-Plaintiffs have compounded the harm by acting in bad faith throughout this litigation, taking frivolous and unsupported positions intended only to drive costs up, making unfounded personal accusations of fraud, and harassing the family members of Buccellati's executives.

**Third Affirmative Defense**

Counter-Plaintiffs' request for a declaration that they are entitled to registration of the LAURA BUCCELLATI mark is not ripe and seeks an improper advisory opinion on a hypothetical and contingent future outcome. Registration of that mark is not allowed under the Lanham Act's statutory scheme until it has been published for opposition. 15 U.S.C. § 1062. Therefore, even if the Court were to enter a declaration that Buccellati's prior marks do not bar registration of LAURA BUCCELLATI under Section 2(d) of the Lanham Act, any opinion the Court would render regarding Counter-Plaintiffs' ultimate right to registration of that mark would be merely theoretical, indefinite and contingent, because the mark would still need to publish following this proceeding, and any third party could still successfully oppose the

application on any statutory grounds, while Buccellati would still have the right to oppose the application on grounds other than likelihood of confusion.

### BUCCELLATI'S PRAYER FOR RELIEF AS TO THE COUNTERCLAIM

WHEREFORE, Buccellati Watches denies that Counter-Plaintiffs are entitled to any relief whatsoever, and prays for entry of judgment against Counter-Plaintiffs as follows:

1. Dismissing with prejudice and on the merits Counter-Plaintiffs' purported Counterclaim in its entirety;

2. Awarding Buccellati Watches its costs and attorney's fees as permitted by law; and

3. Awarding Buccellati Watches such other and further relief as the Court may deem just and equitable.

DATED:  January 31, 2014                    Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/Jaime Rich Vining
By:  David K. Friedland
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
1500 San Remo Ave., Suite 200
Coral Gables, FL 33146
(305) 777-1720 – telephone
(305) 456-4922 – facsimile

and

**EDWARDS WILDMAN PALMER, LLP**
Perla M. Kuhn (admitted *pro hac vice*)
Rory J. Radding (admitted *pro hac vice*)
H. Straat Tenney (admitted *pro hac vice*)

13

750 Lexington Avenue
New York, NY 10022
(212) 308-4411 – telephone
(212) 308-4844 – facsimile
***Counsel for Counter-Defendant Buccellati Watches SA***

and

**FOLEY & LARDNER LLP**
Jami A. Gekas (admitted pro hac vice)
321 N. Clark
Chicago, IL 60654
(312) 832-4500 – telephone
(305) 832-4700 – facsimile

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing COUNTER-DEFENDANT BUCCELLATI WATCHES SA'S ANSWER TO COUNTER-PLAINTIFFS' COUNTERCLAIMS was served by electronic mail, per the prior agreement of the parties, this 31st day of January, 2014, upon:

Albert Bordas, Esq.
**ALBERT BORDAS, P.A.**
Email: albert@bordasiplaw.com
5975 Sunset Dr., Suite 607
Miami, FL 33143
(305) 669-9848 – telephone
(305) 669-9851 – facsimile

Leonardo G. Renaud, Esq.
**LEONARDO G. RENAUD, P.A.**
Email: leonardorenaud@aol.com
8105 NW 155th St.
Miami Lakes, FL 33016
(305) 818-9993 – telephone
(305) 818-9997 – facsimile

David T. Azrin, Esq.
**GALLET DREYER & BERKEY, LLP**
Email: dta@gdblaw.com
845 Third Avenue, 8th Floor
New York, NY 10022-6601
(212) 935-3131
Fax: (212) 935-4514

                                          /s/Jaime Rich Vining
                                             Jaime Rich Vining