UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-21297-KMM-Moore/Torres

**BUCCELLATI HOLDING ITALIA SPA**
and **BUCCELLATI, INC.**,

        Plaintiffs,

v.

**LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI**, and **LILIAN AZEL**,

        Defendants.
_____/

**LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI,**

        Counter-Plaintiffs.

v.

**BUCCELLATI HOLDING ITALIA SPA**,
**BUCCELLATI, INC.**, and
**BUCCELLATI WATCHES SA**,

        Counter-Defendants
_____/

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL THE DEPOSITION OF GIANMARIA BUCCELLATI**

Non-party Gianmaria Buccellati is an Italian citizen and lives in Milan, Italy. He is a former executive and owner of Plaintiff Buccellati Holding Italia, SpA ("**BHI**"). Currently, although he holds an "honorary" title with BHI, he is no longer a voting Board member, and he no longer holds any shares in either BHI or its U.S. subsidiary, Buccellati, Inc. And, most importantly for purposes of considering Defendants' Motion to Compel, Mr. Buccellati is nearly 85-years-old and very ill. Indeed, Mr. Buccellati's health is deteriorating rapidly. Just a few

1

months ago, he would have been able to participate in a telephone deposition, if not a live deposition. But today, that is no longer possible. Mr. Buccellati is now confined to his home with round-the-clock health care, leaving only for purposes of seeking medical treatment. (*See* Rule 30(b)(6) Deposition of Andrea Buccellati, attached as Exhibit 4 to Defendants' Motion to Compel, at p. 230:6-18). His son (who is not a physician) has testified that his health is "very bad" (*see id.*), while his treating physician has confirmed that he is simply too ill to appear for an in-person deposition, and likewise too ill to participate in a telephone deposition.[1]

On June 24, Defendants filed their appearances and responsive pleading in this case, which purported to state a Counterclaim against Mr. Buccellati personally. (Docket No. 16). Until Judge Moore officially dismissed Gianmaria Buccellati from the case last week (Docket No. 119), Defendants were maintaining the position that Mr. Buccellati was a party. And yet – inexplicably – Defendants waited until the month before discovery closed to even *inquire* about Mr. Buccellati's availability for deposition, and did not serve a deposition notice until December 13, 2013. That "placeholder" notice, with a date unilaterally selected by Defendants and not cleared with Buccellati or its counsel prior to service, sought to make this octogenarian endure transatlantic travel on only three weeks' notice, and despite the fact that counsel for Buccellati had repeatedly explained the seriousness of Mr. Buccellati's condition and his inability to travel to the U.S.

Defendants are correct that Buccellati did not move for a protective order in response to the December 13 deposition notice. But that is because following service of Defendants' unilateral notice, over the next weeks (and contrary to the implication by Defendants in their

---

[1] The January 16, 2014 letter from Prof. Guido Pozza, Professore Emerito, Universita Vita-Salute San Raffaele will be submitted for the Court's *in camera* inspection (*See* Plaintffs' Motion for *In Camera* inspection, filed concurrently herewith).

2

motion that Buccellati somehow delayed), Buccellati's counsel continued to communicate with Defendants' counsel, in an effort to convey the seriousness of Mr. Buccellati's condition, the impossibility of a deposition in New York or Florida, and to reach a workable alternative. Indeed, Buccellati's counsel requested to formally "meet and confer" on the subject of Mr. Buccellati's deposition, but Defendants' counsel ignored that request. Nonetheless, the parties continued to exchange communications on the subject throughout December and into January. On January 2, Defendants offered to take Mr. Buccellati's deposition in Milan, thus confirming that Defendants were not expecting Mr. Buccellati to actually appear for a deposition in New York on January 6. Accordingly, Buccellati's counsel continued to try to work with Defendants' counsel on scheduling. But Buccellati's concerns about Gianmaria Buccellati's health concerns have apparently fallen on deaf ears.

Under the Federal Rules of Civil Procedure, the medical incapacity of a witness to attend and sit through a deposition may preclude the taking of his deposition. *See, e.g., Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005) (determining that an affidavit from a treating neurologist as to a witness' acute brain condition precluded deposition); *c.f., Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987) (ordering stay of deposition after witness produced a written note from her doctor indicating that she was not physically or mentally capable of being deposed). Furthermore, a sworn statement from a treating physician is sufficient to show that a deposition would not be appropriate in federal litigation. For example, in *Fonner v. Fairfax Cnty.*, 415 F.3d 325, 331-32 (4th Cir. 2005), the court determined that the district court did not abuse its discretion in granting a protective order preventing the deposition of one of the parties, because his physician and guardian *ad litem* testified that the stress of a deposition would be detrimental to the health of the proposed deponent.

Here, it is clear that Mr. Buccellati's current health crisis will make it impossible for him to accommodate Defendants and their late request to take his deposition via "live" testimony.

To be clear: Buccellati is *not* seeking to prevent the deposition of Gianmaria Buccellati. In fact, Buccellati's counsel has offered multiple times to make Mr. Buccellati available for a deposition upon written questions, and even to expedite the response time for said writing. Buccellati does not dispute that Gianmaria Buccellati possesses knowledge that may be relevant to the claims and defenses in this case. But it is beyond dispute that Mr. Buccellati's health is poor, and that he is too ill at this point to participate in any form of "live" deposition. Having waited until the absolute last minute in this case to seek discovery from Mr. Buccellati, Defendants are not now entitled to put this witnesses' health and possibly even his life at risk just so they can ask him questions in "real time."

Accordingly, Buccellati respectfully requests that the Court **DENY** Defendants' motion to the extent it seeks to force an elderly, seriously ill non-party to participate in a live deposition. Furthermore, Buccellati renews its offer to make Mr. Buccellati available for a deposition upon written questions, even though the discovery period has technically closed.

DATED:  January 31, 2014                           Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/Jaime Rich Vining
By:  David K. Friedland
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
1500 San Remo Ave., Suite 200
Coral Gables, FL 33146
(305) 777-1720 – telephone

4

(305) 456-4922 – facsimile

**EDWARDS WILDMAN PALMER, LLP**

Perla M. Kuhn (admitted *pro hac vice*)
Rory J. Radding (admitted *pro hac vice*)
H. Straat Tenney (admitted *pro hac vice*)
750 Lexington Avenue
New York, NY 10022

**FOLEY & LARDNER LLP**
Jami A. Gekas (admitted *pro hac vice*)
321 N. Clark
Chicago, IL 60654
(312) 832-4500 – telephone
(305) 832-4700 – facsimile

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Albert Bordas, Esq.
**ALBERT BORDAS, P.A.**
Email: albert@bordasiplaw.com
5975 Sunset Dr., Suite 607
Miami, FL 33143
(305) 669-9848 – telephone
(305) 669-9851 – facsimile
*Service via ECF*

Leonardo G. Renaud, Esq.
**LEONARDO G. RENAUD, P.A.**
Email: leonardorenaud@aol.com
8105 NW 155th St.
Miami Lakes, FL 33016
(305) 818-9993 – telephone
(305) 818-9997 – facsimile
*Service via ECF*

David T. Azrin, Esq.
**GALLET DREYER & BERKEY LLP**
Email: dta@gdblaw.com
845 3rd Ave., 8th Fl.
New York, NY 10022
(212) 935-3131 – telephone
(212) 935-4514  – facsimile
*Service via ECF*

                s/Jaime Rich Vining
                 Jaime Rich Vining