UNITED STATES DISTRICT COURT<br>
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-21297-KMM-Moore/Torres

**BUCCELLATI HOLDING ITALIA SPA**
and **BUCCELLATI, INC.**,

Plaintiffs,

v.

**LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI**, and **LILIAN AZEL**,

Defendants.

_____/

**LAURA BUCCELLATI, LLC, LAURA
BUCCELLATI**,

Counter-Plaintiffs.

v.

**BUCCELLATI HOLDING ITALIA SPA**,
**BUCCELLATI, INC.**, and **BUCCELLATI
WATCHES SA**,

Counter-Defendants

_____/

**BUCCELLATI'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE
ORDERS DATED JANUARY 24, 2014 (D.E. 118) AND JANUARY 26, 2014 (D.E. 125)**

Plaintiffs Buccellati Holding Italia SpA and Buccellati, Inc. (together, "**Buccellati**"), by their undersigned counsel, hereby respond to Defendants Laura Buccellati, LLC, Laura Buccellati, and Lilian Azel's (collectively, "**Defendants'**") Objections to Magistrate Judge Torres' Orders denying Defendants' attempts to reopen discovery.

1

## <u>PRELIMINARY STATEMENT</u>

Defendants served their second set of document requests (comprised of eighty-two (82) separate requests) on Buccellati on December 11, 2013, just over a month before the close of discovery.  On January 10, 2014, Buccellati served timely responses and objections. Then, on January 22, 2014—over a week past the close of discovery—Defendants filed a motion to compel the production of certain documents (Docket No. 114), along with an 87-page statement purporting to set forth various reasons why the Court should "overrule" Buccellati's objections (Docket No. 114-1).

On January 24, 2014, Magistrate Judge Torres denied Defendants' motion to compel as untimely because the "motion was not filed until after the discovery cutoff date." (Docket No. 118.)  Defendants then filed a motion for reconsideration on January 26, which supplemented the factual basis for Defendants' original motion to compel. (Docket No. 121.) But the Magistrate also denied Defendants' motion for reconsideration, finding that "[n]o grounds warranting reconsideration are set forth on the face of the motion." (Docket No. 125.) The Magistrate further noted in his January 27 Order that "Defendants' tactical decisions are not good cause for the Court to excuse non-compliance with the Court's Rules." *Id*. Not to be deterred, on January 30, Defendants filed Rule 72(a) objections to the Magistrate's rulings, asking the District Court to "hear and consider the merits" of their original motion to compel, and complaining that they are "victims of Plaintiffs' delay." (Docket No. 128.)

Buccellati respectfully suggests that this Court decline Defendants' invitation to review their untimely motion to compel a third time.  Defendants have failed to meet the high burden necessary to show that the Magistrate's Orders were improperly decided. And contrary to their assertions, if Defendants are victims at all, then they are victims of their own tactical choices.

Defendants chose to serve requests for production so late in discovery that no time was left for judicial intervention. Defendants admittedly had (and had time to analyze) Buccellati's written responses and objections days before the discovery cutoff, but chose not to file a timely motion to compel or request an extension of discovery. Now, despite having tried (twice) to re-litigate their original motion to compel, Defendants have failed to satisfy their burden of showing why reconsideration is warranted. Plaintiffs respectfully request that the Court affirm the Magistrate's Orders (Docket Nos. 118 and 125) and uphold his denial of Defendants' motion to compel. (Docket No. 114.)

## ARGUMENT

The Court may vacate a magistrate's order under Rule 72(a) of the Federal Rules of Civil Procedure only when that order "is clearly erroneous or is contrary to law."  FED. R. CIV. P. 72(a).  A finding is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been made."  *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326-27 (11th Cir. 2011).  Discovery should be served well in advance of the discovery cutoff in order to allow for time to seek judicial intervention.  *See, e.g.*, *Lira v. Arrow Air, Inc.*, No. 05-23273-CIV-Lenard/Torres, 2007 U.S. Dist. LEXIS 4345, *3-4 (S.D. Fla. Jan. 22, 2007) (denying as untimely motion to compel that was filed one day after discovery cutoff); *Poe v. Carnival Corp.*, No. 06-20139-CIV-Jordan-Torres, 2007 U.S. Dist. LEXIS 4627, *6 (S.D. Fla. 2007) ("In short, Defendant's pending motion would have the Court ignore its scheduling deadlines due to Defendant's inaction, which the Court will not do.").

By filing their Rule 72(a) objections to Magistrate Torres' discovery orders, Defendants are seeking a review of the original denial of their motion to compel.  The Magistrate, in his first Order, denied Defendants' attempt to enlarge the discovery period as untimely and contrary to

the Local Rules. (Docket No. 118.) Undeterred, Defendants sought reconsideration by introducing facts and authorities which were available at the time of their original motion, but which Defendants failed to raise. The Magistrate rejected Defendants' attempt to re-litigate their failed motion to compel, finding that there were "[n]o grounds warranting reconsideration." (Docket No. 125.)

Defendants have now doubled-down by asking the District Court to take a new look at their motion to compel. Defendants conclude that the Magistrate's Order denying their motion to compel "was arbitrary and clearly erroneous in that it failed to consider factors surrounding why the motion to compel was interposed after the discovery deadline."  (Docket No. 128 at p.4.) This conclusion ignores the substance of the Magistrate's January 27 Order, in which the Magistrate considered and rejected Defendants' excuses. (Docket No. 125) (finding that the "discovery cutoff (which has now passed) takes priority over the parties' apparent agreement to meet and confer after the cutoff date. The Court entered into no such agreement. Nor should it, because the underlying problem with the discovery at issue is that was served so late in the discovery period to begin with.").  Because the Magistrate considered—and rejected— Defendants' excuse for filing an untimely motion, Defendants' position that the Orders are "arbitrary and erroneous" is unfounded.

Defendants further posit that the Magistrate's Orders are improper as a matter of law because the Magistrate "was not compelled to deny" Defendants' attempt to reopen discovery. (Docket No. 128, at p.5) (citing Local Rule 26.1(f)). But the Local Discovery Practices Handbook states that Local Rule 26.1(f) "requires that discovery be completed and not merely

propounded prior to the discovery cutoff date." S.D. Fla. Local R. Gen. App. A (Discovery Practices Handbook) § I - E - (1).[1]

Defendants now acknowledge that their motion was untimely, but nonetheless ask the District Court to consider it anyway.  A party seeking to file a motion to compel after the close of discovery, however, must show good cause for the delay, and that it acted with due diligence. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (affirming denial of an untimely motion to amend complaint because the movant had not shown good cause for the delay).  Defendants cannot make such showings here.  Rather than accept responsibility for their own strategies, they instead blame their tardiness on Buccellati's inability to meet and confer the day before discovery closed. But it was not unreasonable that Buccellati's counsel was unavailable, given that Defendants tried to arrange a conference on a Sunday evening with less than one day's notice.[2]  Truly, any time crunch that Defendants faced was in fact a direct result of their own decision to serve over eighty documents requests a mere month before the close of discovery.

Moreover, if Defendants were so worried about the close of discovery, they should have filed a timely motion to compel on January 13, noting the impending meet-and-confer, or else

---

[1] It should come as no surprise that the Magistrate followed the guidance of the Discovery Practices Handbook and is loath to extend discovery beyond the cutoff.  The Magistrate's Guide to Judicial Practices advises that "[i]n discovery matters, [the Magistrate] usually follow[s] Discovery Practices Handbook, included as Appendix the Court's Local Rules."  *See* Magistrate Judge Edwin G. Torres, *Guide to Judicial Practices* (June 30, 2010) (*available at* http://goo.gl/ CDD7bR) (last visited Feb. 13, 2014). Had Defendants consulted the Magistrate's Guide, they would have known that under the "General Advice" section, the Magistrate warns counsel "do NOT wait until one month before discovery cutoff before commencing discovery.  Lack of diligence does not constitute good cause for extension of discovery cutoff." *Id.*

[2] Indeed, although Defendants' moving papers accuse Buccellati of "recalcitrance," such rhetoric is not supported by the documentation Defendants themselves submitted to the Court.  Rather, the email correspondence Defendants have filed indicates that Buccellati's counsel responded to Defendants' request to meet and confer within mere hours, in the very early hours of the morning (12:46 a.m.), in order to "respond as quickly as possible in light of the close of discovery."

5

petitioned the Court for an extension of time to file.  Defendants did none of this, and as the Magistrate noted, Defendants' "tactical decisions are not good cause for the Court to excuse non-compliance with the Court's Rules."  (Docket No. 125.)

In their Rule 72(a) objections, Defendants attempt to analogize their situation with prior cases where one party told another it would deliver timely discovery responses, but failed to do so.  *See Johnson v. Del Monte Produce Co.*, No. 09–22425–CIV, 2010 WL 3717337, *3 (S.D. Fla. Sept. 17, 2010).  Defendants' reliance on such cases is misplaced, however, because the facts here are completely different.  Buccellati timely served objections to Defendants' requests before the cutoff deadline, and never promised to produce documents responsive to Defendants' objectionable requests.[3] *Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indemnity Insurance Co.*, No. 09-CV-80787, 2010 WL 411088, *2 (S.D. Fla. Jan. 29, 2010) and *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 690-91 (S.D. Fla. 2011) are also inapposite. The court in *Sandalwood* allowed consideration of the motion to compel, in part, because the case was still in the early stages of discovery, and the *Adelman* court considered an untimely motion to compel because the non-moving party waived his right to argue that the motion was untimely.

Finally, Buccellati notes that Defendants are incorrect when they posit that "there is no risk of prejudice" to the Court or to Buccellati if Defendants' untimely motion to compel is now considered on its merits.  Trial is just over one month away.  If Buccellati is now forced to respond on the merits to Defendants' motion and their 87-page "Local Rule 26.1(h)" statement of "reasons" to grant that motion, Buccellati will undeniably be distracted from its final trial preparation tasks (which is no doubt precisely Defendants' intention).  Moreover, the parties

---

[3] Buccellati did agree to produce certain financial and other documentation in response to Defendants' Second Set of Document Requests.  That production has now been completed, with some documents produced in the intervening time since Defendants' motion to compel was filed.

would be unable to timely complete their exhibits lists and objections thereto, or the bilateral pretrial stipulation, if questions remain as to the scope of documents Buccellati must search for and produce in response to dozens and dozens of overly broad requests from Defendants' Second Set of Document Requests.

## CONCLUSION

The Court should give no consideration to Defendants' attempts to take a second (and third) bite at the proverbial apple. Buccellati respectfully suggests that the Court disregard Defendants' Rule 72(a) objections, and affirm the Magistrate Torres' Order denying Defendants' motions to compel (Docket No. 114) and for reconsideration (Docket No. 125).

DATED:  February 14, 2014                           Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/Jaime Rich Vining_____
By:  David K. Friedland
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
1500 San Remo Ave., Suite 200
Coral Gables, FL 33146
(305) 777-1720 – telephone
(305) 456-4922 – facsimile

and

**EDWARDS WILDMAN PALMER, LLP**
Perla M. Kuhn (admitted *pro hac vice*)
Rory J. Radding (admitted *pro hac vice*)
H. Straat Tenney (admitted *pro hac vice*)
750 Lexington Avenue
New York, NY 10022
(212) 308-4411 – telephone
(212) 308-4844 – facsimile

and

**FOLEY & LARDNER LLP**
Jami A. Gekas (admitted *pro hac vice*)
321 N. Clark
Chicago, IL 60654
(312) 832-4500 – telephone
(305) 832-4700 – facsimile

***Counsel for Plaintiffs Buccellati Holding Italia SpA and Buccellati, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a copy of the foregoing BUCCELLATI'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE ORDERS DATED JANUARY 24, 2014 (D.E. 118) AND JANUARY 26, 2014 (D.E. 125) was served by electronic mail, per the prior agreement of the parties, this 14th day of February, 2014, upon:

Albert Bordas, Esq.
**ALBERT BORDAS, P.A.**
Email: albert@bordasiplaw.com
5975 Sunset Dr., Suite 607
Miami, FL 33143
(305) 669-9848 – telephone
(305) 669-9851 – facsimile

Leonardo G. Renaud, Esq.
**LEONARDO G. RENAUD, P.A.**
Email: leonardorenaud@aol.com
8105 NW 155th St.
Miami Lakes, FL 33016
(305) 818-9993 – telephone
(305) 818-9997 – facsimile

David T. Azrin, Esq.
**GALLET DREYER & BERKEY, LLP**
Email: dta@gdblaw.com
845 Third Avenue, 8th Floor
New York, NY 10022-6601
(212) 935-3131
Fax: (212) 935-4514

_/s/Jaime Rich Vining_____
Jaime Rich Vining